Mary PARKER, Plaintiff–Respondent,

v.

Gary PARKER, Defendant–Appellant.

No. 18088.

Missouri Court of Appeals,
Southern District,
Division One.

July 21, 1993.

Charles Buchanan, Joplin, for defendant-appellant.

No appearance for plaintiff-respondent.

PARRISH, Chief Judge.

This is the second appeal of this case. The first appeal resulted in the case being remanded. *In re Marriage of Parker*, 762 S.W.2d 506 (Mo.App.1988). The trial court was directed to "enter a new decree disposing of all issues between the parties." *Id.* at 516. For the reasons that follow, this appeal must be dismissed.

This court, in remanding this case following its first appeal, directed the trial court as follows:

> The cause is remanded to the trial court for redetermination of (a) the division of marital property, (b) maintenance for Mary, and (c) child support to be paid to Mary by Gary for Heather, including whether Gary should be ordered to provide "health insurance" for Heather.

> ·    ·    ·    ·    ·

> [T]he trial court should enter a new decree disposing of all issues between the parties, including all provisions of the amended decree affirmed by this opinion.

*Id.*

On remand, the trial court was required to follow the directions in the opinion of this court and its mandate.

*Morrison v. Caspersen,* 339 S.W.2d 790, 792 (Mo.1960); *White River Development Co. v. Meco Systems, Inc.,* 837 S.W.2d 327, 334 (Mo.App.1992). Action to be taken upon remand of a case from an appellate court is communicated by that court's mandate. *Durwood v. Dubinsky,* 361 S.W.2d 779, 783 (Mo.1962). The appellate court's opinion is a part of the mandate. *Id.*

■ The record on appeal does not reveal compliance with the directives given. It does not disclose entry of a new judgment (or decree), *see* Rule 74.01(a), "disposing of all issues between the parties." *In re Marriage of Parker, supra,* at 516. Before this court proceeds to consider the merits of this appeal, it has the duty to determine if a final appealable judgment was rendered. *Matter of Seiser,* 557 S.W.2d 263, 265 (Mo.App.1977). Absent the trial court's entry of a final judgment, this court has no jurisdiction of the appeal. *Serfass v. Warner,* 707 S.W.2d 448, 449 (Mo.App.1986).

The legal file [1] does not include a copy of any judgment, either newly entered or from the original proceedings that produced the first appeal. Neither does it include copies of docket entries of the trial court.[2] The legal file does include copies of the trial court's "Findings of Facts and Conclusions of Law." However, they do not recite a determination of issues so as to reflect the trial court's intention for those findings and conclusions to constitute a "new decree."[3] As such, they amount to an announcement of a decision of the trial court regarding particular issues for which the case was remanded following the first appeal.

> "The mere ruling, decision, or opinion of the court, no judgment or final order being entered in accordance therewith, does not have the effect of a judgment, and is not reviewable by appeal or writ of error". 4 C.J.S. Appeal and Error, § 153c, page 331.

*Stone v. Boston,* 218 S.W.2d 783, 787 (Mo. App.1949).

The record on appeal does not reveal entry of "a new decree disposing of all issues between the parties." *Parker,* 762 S.W.2d at 516. This court is without jurisdiction for purposes of considering the merits of the issues presented by this appeal. The appeal is dismissed.

CROW, P.J., and SHRUM, J., concur.

---

1. Rule 81.12(a), as pertinent to this appeal, provides:

   The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision. In order to reduce expense and expedite the preparation of the record on appeal, it is divided into two components, i.e. the "legal file" and the "transcript."

   The legal file shall be so labeled with a cover page and contain clearly reproduced exact copies of the pleadings and other portions of the trial record previously reduced to written form.

   .     .     .     .     .

   The legal file shall always include, in chronological order: ... the judgment or order appealed from ...; except the parties may agree in writing upon an abbreviated or partial record on appeal or upon a statement of the case as provided in Rule 81.13.

2. A "docket entry may constitute a judgment." *Byrd v. Brown,* 641 S.W.2d 163, 166 (Mo.App. 1982). A docket entry "pronouncing judgment in language which fully determines the rights of the parties to the action, and leaves nothing to be done except the entry of the judgment by the clerk, constitutes the rendition of the judgment." *Id.*

3. This court notes from the original Findings of Fact and Conclusions of Law entered before the first appeal that a separate "decree" was required. Although a copy of the original decree was not included in the legal file in this appeal, the original findings and conclusions (a copy of which is in the legal file), requested the original petitioner "to prepare decree in accordance with these findings." The format of the original findings and conclusions was followed by the trial court in preparing the findings and conclusions applicable to the issues addressed on remand after the first appeal, although there was no written directive in the latter findings and conclusions for preparation of a decree.