IN THE COURT OF APPEALS OF TENNESSEE

FILED

October 2, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

ALFRED CARROLL JONES and ) C/A NO. 03A01-9506-CV-00196
BETTY JONES, ) WASHINGTON COUNTY LAW COURT
)
       Plaintiffs-Appellants,)
)
)
)
v. ) HONORABLE LEWIS W. MAY,
) JUDGE
)
)
)
CITY OF JOHNSON CITY, )
TENNESSEE, )
)
       Defendant-Appellee. ) AFFIRMED AND REMANDED

HOWARD R. DUNBAR of DUNBAR & DUNBAR, Johnson City, for Appellants

JOHN RAMBO of HERRIN & HERRIN, Johnson City, for Appellee

O P I N I O N

Susano, J.

     This suit was brought against the City of Johnson City
(Johnson City) pursuant to the Tennessee Governmental Tort
Liability Act (GTLA), T.C.A. § 29-20-101, *et seq*. The plaintiff,

1

Alfred Carroll Jones (Jones), was injured while working at the Towne Acres Elementary School, a facility owned and operated by Johnson City. At the time of the injury, the school was closed while an addition was being built to the existing structure. The trial court granted Johnson City's motion for summary judgment, holding that Jones expressly assumed the risk of his injury and "as a matter of law that [Johnson City] owed no legal duty to" Jones based on the undisputed facts. Jones and his wife, the plaintiff Betty Jones[1], appeal, raising the following issues:

1. Is Johnson City entitled to summary judgment based upon the undisputed material facts?

2. Did Jones expressly assume the risk which proximately caused his injuries?

I

At the time of his injury, Jones, a licensed electrician, was employed by Alpha Electric Company, a subcontractor of W.B. Rittenbach, Inc., the general contractor hired by Johnson City to build the addition to the school. Jones was the electrical foreman on the job. On July 15, 1991, Jones, needing electrical power for a machine he was using, examined an electrical power board in the main panel breaker box, which was located in a janitor's closet at the school. He found a breaker switch not in use, and upon noticing it was loose, inserted a screwdriver into the breaker box to tighten it. Before doing this, Jones turned off the breaker switch he was attempting to

_____

[1]The wife's claim was for loss of services, companionship, consortium, etc.

2

tighten, but did not turn off the main power switch, also located in the janitor's closet. Upon inserting his screwdriver into the breaker box, Jones "heard something fall behind the panel and immediately thousands of volts of electricity went through his body," causing him serious injury.

The trial court, presented with these undisputed facts, found that Jones had "expressly assumed the risk of injury associated with his working on the panel box." Because we hold that the GTLA does not remove Johnson City's sovereign immunity under the facts of this case, we do not find it necessary to reach the issue of whether Jones expressly assumed the risk of his injury.[2]

II

In deciding whether a grant of summary judgment is appropriate, we must determine "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.03. We take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences from that evidence in its favor, and discard all countervailing evidence. See *Byrd v. Hall,* 847 S.W.2d 208, 210-11 (Tenn. 1993). If, after applying this standard, we find that there are no genuine issues

---

[2]Cf. *Perez v. McConkey*, 872 S.W.2d 897 (Tenn. 1994).

of material fact and the moving party is entitled to a judgment as a matter of law, we must affirm the grant of summary judgment.

In this case, as we noted earlier, the material facts are undisputed; thus there are no genuine issues of material fact. Johnson City, the party seeking summary judgment, has the burden of demonstrating that it is entitled to a judgment as a matter of law. *Id*. at 215. Generally, a defendant seeking summary judgment proceeds in one of two ways: (1) by affirmatively negating an essential element of the plaintiff's case, or (2) by conclusively establishing an affirmative defense. *Id.* at 215, n. 5. In this case, Johnson City has chosen the second route, asserting that the GTLA does not remove governmental immunity under these facts and that the City's immunity therefore bars the plaintiffs' claims.

4

III

Our analysis starts with the GTLA provision stating the general rule of sovereign immunity:

> Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities....

T.C.A. § 29-20-201(a). The GTLA then goes on to remove immunity under certain conditions:

> (a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
>
> (b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved....

T.C.A. § 29-20-204.

Johnson City insists that none of its employees had actual or constructive notice of any defect in the breaker box, if such a defect existed. In support of this contention, Johnson City filed affidavits from Joy Baker, risk manager for Johnson City, and Les Story, superintendent of school maintenance. Baker, the city's risk manager since 1981, stated that "this is the first incident since I have been

5

employed as the Risk Manager for Johnson City that resulted in any claim or complaint associated with the breaker box." Story, who has worked in the school maintenance department 18 years, stated that during his tenure he never received a complaint or report of a problem associated with the breaker box. Johnson City also filed the affidavits of Gerry Nave, the city electrical inspector, Billy Paul, the head custodian at the school, and three other school maintenance employees. All of these individuals made statements essentially to the same effect as those of Story and Baker. We find that these affidavits, uncontroverted by the plaintiffs, establish that if there was a defect in the breaker box, it was a latent defective condition, and further find that Johnson City did not have actual or constructive notice of a defect in the breaker box.

The plaintiffs, however, insist that although Johnson City may not have known of any defect in the breaker box, it was aware that the box had not been inspected or maintained since it was installed some 26 years earlier. The plaintiffs contend that Johnson City neglected its duty to periodically inspect the breaker box for defects, and that failure proximately caused Jones' injury. In support of this contention, the plaintiffs filed an affidavit from an expert, James E. Geiger, in which the affiant stated, "[t]he ordinary and reasonable standard of care is to periodically inspect, clean (if necessary), tighten any loose screws or bolts (if necessary)." The plaintiffs also point to several statements made by Les Story and Gerry Nave which suggest that the

6

procedure employed by Johnson City was not to make periodic

inspections but rather to deal with problems, such as

equipment defects, as they arose.

The GTLA speaks directly to this issue:

> Immunity from suit of all governmental
> entities is removed for injury
> proximately caused by a negligent act or
> omission of any employee within the
> scope of his employment except if the
> injury:
>
> *     *     *
>
> (4)  Arises out of a failure to make an
> inspection, or by reason of making an
> inadequate or negligent inspection of
> any property;

T.C.A. § 29-20-205.  Thus, the General Assembly has not seen

fit to waive governmental immunity in cases where a government

employee fails to properly inspect "any property."

We think it is clear that this case falls squarely within the

ambit of T.C.A. § 29-20-205, and Johnson City is therefore

immune from the plaintiffs' lawsuit.

The plaintiffs rely upon the case of *McGaughy v.*

*City of Memphis,* 823 S.W.2d 209 (Tenn. App. 1991), apparently

for the proposition that Johnson City should be held to have

constructive notice of any defective condition which may have

existed.  The *McGaughy* case involved a "high powered

[electrical] line going across private property which [was]

uninsulated and ha[d] no warning signs." *Id.* at 214.  The

trial court found that the defendant City of Memphis "had both

7

actual and constructive notice that the high powered line which was involved in the accident was dangerous under the circumstances." *Id*. at 213. The *McGaughy* court agreed, on the grounds that the defendant had knowledge of the fact that the uninsulated wire was high-voltage and therefore dangerous, and because a city employee had inspected the site in both the year of the injury and the year prior, where it "should have been apparent to anyone visiting the property that activities were being conducted in close proximity to the line which could terminate in tragedy." *Id.* at 215. Thus, in *McGaughy*, unlike in the present case, the defendant had notice that there was a dangerous condition present, and that there was a high possibility of injury due to that condition, because a city employee had observed construction activity in close proximity to the uninsulated high-voltage wire. In the present case, as noted earlier, there is no evidence that Johnson City had any notice of a dangerous or defective condition of the breaker box, nor was there any inspection, as in *McGaughy*, which would or should have put it on notice of any danger. Thus, *McGaughy* is of no avail to the plaintiffs in this case.

The judgment of the trial court is affirmed and this cause remanded to the court below for the collection of costs assessed there. The costs of this appeal are taxed against the appellants and their surety.

_____
                   Charles D. Susano, Jr., J.


CONCUR:


_____
Houston M. Goddard, P.J.


_____
Don T. McMurray, J.