In the Interest of D.R.A., a minor.

June WISE, Juvenile Officer, Appellant,

v.

M.A. and C.S., Respondents.

No. 20939.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 21, 1997.

---

Duane Cooper, Pineville, for appellant.

John M. Garrity, Garrity and Jones, Joplin, for respondents.

MONTGOMERY, Chief Judge.

This appeal involves the denial of a petition to terminate the parental rights of M.A. (Respondent), the natural mother of D.R.A. (Child) who was born on April 11, 1993. Appellant contends the failure to terminate Respondent's parental rights was an abuse of discretion and against the weight of the evidence.

On August 25, 1995, the trial court held a hearing on the petition to terminate the parental rights of Respondent and the Child's natural father, C.S. At the hearing, Appellant presented evidence that Respondent has a severe alcohol problem for which she has been unable to complete treatment.

Additional evidence revealed that on June 23, 1993, the Missouri Division of Family Services (DFS) received an emergency child abuse and neglect report concerning the Child. Respondent's friends reported that she left the Child unattended in her car while she went into a bar to drink. At that time, Respondent voluntarily placed the Child in DFS custody.

Later, Respondent agreed with DFS to seek treatment for her drinking problem but failed to successfully complete any of the programs in which she enrolled. After receiving additional "hot line" calls, the McDonald County Juvenile Court entered an order placing the Child under the custody of the court and DFS.

On the hearing date, the Child remained in the custody of the juvenile court, and Respondent was incarcerated at Renz Correctional Center in Jefferson City. However, Respondent personally appeared at the hearing and testified that she opposed termination and would seek treatment for her alcohol problem.

At the close of evidence, the court took the matter under advisement until November 27, 1995, noting that Respondent claimed she would enroll in a prison rehabilitation program. The court then informed Respondent that if she had entered a treatment program by November 27, he would "put [the decision to terminate] off a little more." The court warned Respondent that her rights would be terminated if she did not receive treatment by that time or if she did not complete the program once enrolled.

Respondent was subsequently transferred to the Cremer Community Therapeutic Center in Fulton, Missouri, where she was expected to complete an alcohol rehabilitation program in September or October of 1996. On October 19, 1995, in its report to the court, the McDonald County Family Services stated it could not make a recommendation as to the termination of Respondent's parental rights until progress reports on Respondent could be obtained from the Cremer Center.

On March 13, 1996, the chief juvenile officer of McDonald County requested the court to make a final ruling on the petition to terminate Respondent's parental rights. On March 15, 1996, the court made the following docket entry:

> Motion to terminate parental rts. overruled as to the mother. Monthly visits to continue until mother is released from substance abuse program. Juvenile office to keep me informed as to mother's progress and the need for a final hearing date.

On April 19, 1996, the juvenile officer filed a notice of appeal to this Court. Before this Court can consider the merits of this appeal, it has the duty to determine if a final appealable judgment was rendered. *Parker v. Parker*, 857 S.W.2d 873, 874 (Mo. App.1993). Absent the lower court's entry of a final judgment, this court has no jurisdiction of the appeal. *Id.* " 'The mere ruling, decision, or opinion of the court, no judgment or final order being entered in accordance therewith, does not have the effect of a judgment, and is not reviewable by appeal or writ of error.' " *Id.* (quoting *Stone v. Boston*, 218 S.W.2d 783, 787 (Mo.App.1949)).

"A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all the parties in the case and leaves nothing for future determination." *Reid v. Reid*, 879 S.W.2d 796, 797 (Mo.App.1994).

> Rule 74.01(b) allows an appeal from a judgment or order which does not dispose of all the issues of a case if the trial court expressly finds that "there is no just reason for delay." Where the trial court does not resolve all the issues or does not expressly designate the court's action as final under Rule 74.01(b), the appeal must be dismissed.

*Id.*

Here, the March 15, 1996, docket entry does not dispose of the termination issue concerning the natural father and appears to leave for future determination the same issue as to Respondent. We reach this conclusion based on the trial court's indication of "the need for a final hearing date" after ordering continuation of monthly visits by Respondent with the Child. Furthermore, the trial court did not designate its action toward Respondent as final under Rule 74.01(b). Consequently, we lack jurisdiction and must dismiss the appeal.

The March 15, 1996, docket entry is not a final appealable judgment for another reason. Rule 74.01(a)[1] provides:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

The rule expressly allows a docket sheet entry to be a judgment. However, this docket entry fails to meet the additional requirement that it be "denominated" as a "judgment." The word "judgment" does not appear anywhere on the docket entry. *See In re Marriage of Berger*, 931 S.W.2d 216 (Mo.App.1996).

Accordingly, the trial court's order is not a final judgment, and we are without jurisdiction to hear the appeal.

Appeal dismissed.

CROW, P.J., and PARRISH, J., concur.

---

1. Rule references are to Missouri Rules of Court (1996).