James Farris McDONALD, JR., Respondent,

v.

Janette M. LOHMAN, Director of Revenue, State of Missouri, Appellant.

No. 21648.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 11, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mark D. Schoon, Asst. Atty. Gen., Jefferson City, for Appellant.

No appearance for Respondent.

MONTGOMERY, Chief Judge.

The Director of Revenue (Director) appeals from the trial court's "Order" which set aside the Director's denial of Respondent's application for a driver's license and ordered Director to grant Respondent a driver's license. The Director contends here that the trial court's order erroneously interpreted and applied § 302.060(9). We do not address that contention because the "Order" is not a judgment under Rule 74.01(a).[1]

■ "Even though not raised by the parties, an appellate court is obligated to notice, *sua sponte*, matters preventing it from obtaining jurisdiction." *Williams v. Westrip*, 917 S.W.2d 590, 591 (Mo.App.1996). " 'A prerequisite to appellate review is that there be a final judgment.' " *Id.* (quoting *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994)).

Rule 74.01(a) provides:

### Rule 74.01  JUDGMENT

(a) Included Matters. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

The trial court's writing in this case is denominated an "Order" at the top of the document. The body of the writing contains two paragraphs which set forth the trial court's findings and conclusions. The writing ends with a recitation which orders, adjudges, and decrees that the Director's denial of Respondent's application for a driver's license is set aside and that Director "be ordered to grant a driver's license" to Respondent. The term "judgment" does not appear anywhere in the writing.

1. Rule references are to Missouri Court Rules (1997).

■ Under Rule 74.01(a), "a judgment must be (1) in writing, (2) signed by the judge, (3) denominated 'judgment,' and (4) filed." *Chambers v. Easter Fence Co., Inc.*, 943 S.W.2d 863, 865 (Mo.App.1997). In this case, the order meets requirements (1), (2), and (4). However, it is not denominated a "judgment." Therefore, the order is not a judgment under the rule.

In *Chambers*, plaintiffs appealed from an order dismissing their petition for failure to state a claim. The appellate court dismissed the appeal because the term "judgment" did not appear anywhere in the order. 943 S.W.2d at 866. Likewise, in *In re Marriage of Berger*, 931 S.W.2d 216, 217 (Mo.App. 1996), when the term "judgment" was not used anywhere in the docket entry, this Court held that a judgment had not been entered as required by Rule 74.01(a).

Finally, the Missouri Supreme Court has recently confirmed that a trial court must "denominate" its final ruling as a "judgment." *City of St. Louis v. Hughes*, 950 S.W.2d 850 (Mo.banc 1997). In discussing the new Rule 74.01(a), the court stated as follows:

> The requirement that a trial court must "denominate" its final ruling as a "judgment" is not a mere formality. It establishes a "bright line" test as to when a writing is a judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue.

*Id.* at 853. The Court also said that "[w]hether the designation 'judgment' appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being 'called' a 'judgment' by the trial court." *Id.*

Here, there is no final judgment because the order was not denominated a "judg-

ment." The appeal is dismissed without prejudice.

SHRUM and BARNEY, JJ., concur.