In the Interest of B——— C———, Appellant.

No. 22378.

Missouri Court of Appeals, Southern District, Division Two.

April 22, 1999.

Brian D. Waller, Joplin, for Appellant.

Respondent's attorney: None

Before GARRISON, C.J.,
MONTGOMERY, J., and BARNEY, J.

PER CURIAM.

On October 10, 1997, a petition was filed by the juvenile officer of Jasper County in the Juvenile Court of Jasper County, Missouri, setting out that B.C., a male minor, fourteen years of age, was in need of care and treatment under the provisions of section 211.031.1(3), RSMo 1994. The petition alleged that B.C. had violated the provisions of section 566.100 in that he had "committed what would be the class D felony of sexual abuse in the first degree, if he was an adult, in that on or about September 20, 1997, in the county of Jasper, state [sic] of Missouri, said juvenile subjected [M.L.G.], a person under the age of twelve to sexual contact." [1]

A hearing was held on the petition on January 8, 1998, and the Juvenile Court entered a "Finding of Jurisdiction." The Juvenile Court found "beyond a reasonable doubt that on or about September 20, 1997[,] said juvenile did commit sexual abuse in the first degree [which] if he were an adult would be a class D felony in violation of 566.100."

On May 14, 1998, after a dispositional hearing, the juvenile court entered an "ORDER OF DISPOSITION," reciting, in part, that "it is ORDERED AND ADJUDGED that the juvenile be placed on indefinite probation with special conditions set out in the Deputy Juvenile Officers [sic] Report." However, the term "judgment" does not appear anywhere in the writing.

On June 12, 1998, an attorney representing B.C. and his mother filed a notice of appeal to this Court. Although not raised by the parties, an appellate court is obligated to notice, *sua sponte,* matters preventing it from obtaining jurisdiction. *McDonald v. Lohman,* 961 S.W.2d 126, 127 (Mo.App.1998); *In Interest of D.R.A.,* 942 S.W.2d 383, 385 (Mo. App.1997). "A prerequisite to appellate review is that there be a final judgment." *McDonald,* 961 S.W.2d at 127.

The Supreme Court Rules of Practice and Procedure in Juvenile Court consist of Rules 110 through 128.[2] Rule 120.01.a

---

1. We observe that the petition charged B.C. with "sexual abuse in the first degree." It is apparent that the juvenile officer attempted to charge B.C. with violating the provisions of section 566.100, RSMo Cum.Supp.1993. Legislation in 1994, however, deleted the terms "in the first degree" following "sexual abuse" in the introductory paragraph and rewrote subsection 2, relating to punishment.

*See* L.1994, S.B. No. 693, S. A., effective Jan. 1, 1995. Because of our holding dismissing the appeal we will not explore any legal ramifications relating to the charge.

2. Supreme Court rule references are to Missouri Court Rules (1998), unless otherwise set out.

provides that "[a]n appeal shall be allowed to the juvenile from any final judgment made under the Juvenile Code and may be taken on the part of the juvenile by the custodian." Rule 120.01.a; *see also* § 211.261, RSMo 1994. Rule 119.06.a provides that "[t]he judgment shall include the disposition or treatment of the juvenile." Rule 119.06.a.

We discern that in its "ORDER OF DISPOSITION" dated May 14, 1998, the juvenile court purported to enter a judgment, utilizing the form as set out in Rule 128.14 (entitled "Circuit Court, Juvenile Division, Order of Disposition").[3] This Court has previously stated that in juvenile proceedings a "trial court's order is the judgment from which [an] appeal [is] taken." *In Interest of L.W.*, 830 S.W.2d 885, 886 (Mo.App.1992). However, the Missouri Supreme Court has recently confirmed that a trial court must "denominate" its final ruling as a "judgment." *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997); *McDonald*, 961 S.W.2d at 127; *see also* Rule 74.01(a).[4] The Supreme Court said that "[w]hether the designation 'judgment' appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being 'called' a 'judgment' by the trial court." *Hughes*, 950 S.W.2d at 853; *McDonald*, 961 S.W.2d at 127. Likewise, this Court observed in *In Interest of D.R.A.*, a juvenile court termination of parental rights proceeding,

that a docket entry was not a final, appealable judgment because, *inter alia*, it was not designated as a "judgment" anywhere in the docket entry. *Id.* at 385.[5]

■ In *McDonald, supra*, the trial court's "Order" (setting aside the Director of Revenue's denial of a driver's application and reinstating driver's license to operate a vehicle) ended "with a recitation which orders, adjudges, and decrees that the Director's denial of [driver's] application ... is set aside...." *McDonald*, 961 S.W.2d at 127. However, the term "judgment" did not appear anywhere in the writing. *Id.* The *McDonald* court determined that the order did not constitute a "final judgment because the order was not denominated a judgment." *Id.* at 127–28. In the instant case, the juvenile court's "ORDER OF DISPOSITION," while containing the words "ORDERED AND ADJUDGED" in the body of the writing, as in *McDonald*, was not denominated a "judgment." Accordingly, the trial court's "ORDER OF DISPOSITION" is not a final judgment for purposes of appeal and we are without jurisdiction to hear the appeal. *In Interest of D.R.A.*, 942 S.W.2d at 385; *McDonald*, 961 S.W.2d at 128; *see also Hughes*, 950 S.W.2d at 853.

The appeal is dismissed.

---

3. The forms under Rule 128, are "recommended forms for use in the juvenile court." Rule 128. However, "[t]he use of any form set forth in this Rule shall not be mandatory." *Id.*

4. Rule 74.01(a) provides:
"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

Rule 74.01(a); *In Interest of D.R.A.*, 942 S.W.2d at 385.

5. It is noteworthy to observe that the Missouri Supreme Court implemented new Rule 128.18, providing for a new form entitled "RULE 128.18 ORDER AND JUDGMENT OF DISPOSITION," effective January 1, 1999. This new rule expressly adds the word "judgment" in the heading. *See* Rule 128.18, Missouri Court Rules (1999). Additionally, within the body of the new form are set out the words: "IT IS ORDERED, ADJUDGED AND DECREED." *Id.* In this same vein, *see also* new Rules 128.19 and 128.27.