Lee Allen MARTIN, Plaintiff–
Appellant,

v.

DIRECTOR OF REVENUE, State
of Missouri, Defendant–
Respondent.

No. 23604.

Missouri Court of Appeals,
Southern District.

Jan. 26, 2001.

Motion for Rehearing and Transfer
Denied Feb. 16, 2001.

Lee Allen Martin, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Respondent.

Before PARRISH, P.J., SHRUM and MONTGOMERY, JJ.

PER CURIAM.

Lee Allen Martin ("Appellant") appeals from a judgment of the Howell County Circuit Court which refused to overturn an administrative revocation of Appellant's privilege to operate a motor vehicle in Missouri. As explained henceforth, the appeal is moot. On the record presented, this court declines to exercise its discretion to decide moot points; consequently, the appeal is dismissed.

The Director of Revenue ("Director") sent a notice to Lee Allen Martin ("Appellant") on August 7, 1998, advising that his privilege to operate a motor vehicle in Missouri would be revoked September 8, 1998, for one year. The revocation came because of "an accumulation of traffic convictions[,]" specifically, a twelve-point violation for driving with a suspended license.

On September 4, 1998, Appellant appealed to the Howell County Circuit Court, seeking a de novo review of Director's decision to revoke his license. After his initial petition was challenged by a motion to dismiss, Appellant filed a first amended petition for review. Ultimately, the trial court dismissed Appellant's case via docket entries and a document entitled "Order." Thereon, Appellant appealed to this court.

Appellant's first appeal to this court was dismissed for want of an appealable judgment. *Martin v. Director of Revenue*, 10 S.W.2d 3d 618, 623 (Mo.App.2000)("*Martin I*").[1] Specifically, the trial court's original decision was not denominated a "judg-ment" as mandated by Rule 74.01(a). *Id.* at 623[3].

Upon remand, the trial judge rendered a judgment on February 18, 2000, in which he found "against [Appellant] and in favor of [Director]." After the February 18, 2000, judgment was entered, Appellant filed a "Motion to Reconsider" on February 25, 2000. Appellant asked the court to "reconsider the decision and reverse the dismissal or in the alternative make a statement in the judgment [of] the grounds for the said dismissal." After hearing arguments on the motion, the court asked both Director and Appellant "to submit proposed order/judgment/find-ings and ... do so by 4/3/00." We cannot discern from the record whether Appellant ever complied with the court's request. The record does show, however, that on March 21, 2000, James A Chenault, III, senior counsel for the Missouri Depart-ment of Revenue, drafted and sent to the Howell County assistant prosecutor a "proposed judgment." Sans caption and signature, this document reads:

*"JUDGMENT*

"Upon remand by the Missouri Court of Appeals, ... the Court finds that [Appellant's] Petition is moot, in that the period of revocation imposed by [Di-rector] has lapsed as of September 9, 1999. Moreover, it is noted that [Appel-lant] has maintained in open court that he does not seek reinstatement of a driving privilege, and it is therefore found that the effective date of the revo-cation action at issue herein is irrele-vant.

"Costs assessed to Petitioner."

---

1. The procedural history and detailed facts of this case are given in *Martin I* at 619–22 and will not be repeated here.

The trial judge signed this document on March 30, 2000, and it was filed on March 31, 2000. This appeal followed.

■ Preliminarily, it is our duty to again determine if an appealable judgment exists. *Parker v. Parker,* 857 S.W.2d 873, 874 (Mo.App.1993). Absent the trial court's entry of an appealable judgment, this court has no jurisdiction of the appeal. *Martin I,* 10 S.W.3d at 623.

■ A judgment is the final determination of the rights of the parties in the action. § 511.020, RSMo 1994. *See Chura v. Bank of Bourbon,* 674 S.W.2d 675, 677[2] (Mo.App.1984); *Southwest Forest Industries, Inc. v. Loehr Employment Service of Kansas City, Inc.,* 543 S.W.2d 322, 324[1] (Mo.App.1976). When we examine the "Judgment" of March 30, 2000, we note that it deals only with the court's findings or reasoning; it contains no determination of the rights of the parties on the substantive issue of whether Director's revocation of Appellant's driving privilege should be affirmed or sustained. It is therefore not a judgment, but simply a belated announcement of the court's conclusions and reasons for entering the February 18, 2000, judgment. *See Parker,* 857 S.W.2d at 874; *Landreth v. Gan,* 647 S.W.2d 932, 935 (Mo.App.1983); Rule 74.02.[2]

" 'The mere ruling, decision, or opinion of the court, no judgment or final order being entered in accordance therewith, does not have the effect of a judgment, and is not reviewable by appeal or writ of error.' 4 C.J.S. Appeal and Error, § 153c, page 331."

*Stone v. Boston,* 218 S.W.2d 783, 787 (Mo. App.1949).

■ Although the March 30, 2000, "judgment" is not a judgment of the trial court, dismissal of the appeal for want of an appealable judgment is not required. This follows because the February 18, 2000, judgment resolved the substantive issue that was before the trial court. Moreover, Appellant's notice of appeal states that his appeal is from the February 18, 2000, judgment. Dismissal of the appeal is warranted, however, because the appeal is moot.

"A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487[5] (Mo. banc 1984). "An appeal will be dismissed when an event occurs which renders a decision unnecessary." *Kracman v. Ozark Elec. Co-op., Inc.,* 816 S.W.2d 688, 690[2] (Mo.App.1991).

"The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Duffe v. Zych,* 676 S.W.2d 70, 72[1] (Mo.App. 1984). "When a question presented for decision could not have any practical effect upon any then existing controversy, the question is moot." *Kracman,* 816 S.W.2d at 690[3]. *See Pollard v. David,* 421 S.W.2d 296, 297 (Mo.1967) (holding when the one-year suspension of the appellant's driver's license expired during the pendency of his appeal, the cause became moot and the appeal was dismissed).

Here, the 1998 notice informed Appellant his driver's license could be reinstated September 8, 1999, upon meeting the applicable requirements. Clearly, the date of his revocation has long since passed.

**2.** Rule 74.02 provides: "Every direction of a court made or entered in writing and not included in a judgment is an order."

Any other adverse consequences to Appellant stemming from the revocation, i.e., having to retake the driver's test, providing proof of financial responsibility, or incurring fees to reacquire a license, are not issues in this case. This follows because Appellant told the trial judge:

"I do not ask for a license because I've not applied for a license, I'm too blind to drive. I only ask that the revocation be taken off of this so-called presumed privilege I've not applied for."

Under the circumstances, any judgment rendered "could not have any practical effect upon any then existing controversy[ ]" and, therefore, the cause is moot. *Pollard,* 421 S.W.2d at 297. This court declines to exercise its discretion to make a decision on the question presented.

The appeal is dismissed as moot.