STATE of Missouri, ex rel. Robert Shaun YERINGTON, Relator

v.

Honorable John LePAGE, Honorable Timothy Perigo, and Peggy Spicer, Circuit Clerk of Newton County, Missouri, Respondents.

No. 26191.

Missouri Court of Appeals, Southern District, Division Two.

July 23, 2004.

Charles Buchanan, Buchanan & Williams, P.C., Joplin, for relator.

Rick Temple, Springfield, for respondent Perigo.

## ORIGINAL PROCEEDING IN MANDAMUS AND PROHIBITION

JOHN E. PARRISH, Presiding Judge.

This is an original action in mandamus and prohibition by which relator seeks to compel respondent Judge Timothy Perigo to retract his order assigning the case of *Yerington v. La–Z–Boy, Inc.*, Case No. CV300–996CC, Circuit Court of Newton County, Missouri, and to direct respondent Judge John LePage from taking any action in that case. A preliminary order in mandamus and prohibition was entered. *See* Rules 94.04 and 97.04. That order is made absolute.

In *Yerington v. La–Z–Boy, Inc.*, 124 S.W.3d 517 (Mo.App.2004), this court reversed a judgment for defendant La–Z–Boy that was based on a determination by the trial court that an accord and satisfaction entered in conjunction with settlement of a workers' compensation claim by Mr. Yerington included settlement of the underlying circuit court case that is the subject of this proceeding, an action for wrongful discharge based on § 287.780, RSMo 2000. This court declined to address two points on appeal that asserted Circuit Judge Timothy Perigo erred by not recusing himself from the underlying case noting:

> There is no need to render an opinion on these points because when the trial judge denied Plaintiff's disqualification motion via docket entry, he included this language: "[I]f petition is reinstated and cause goes to trial the cause would be assigned to another judge for hearing." Our reversal and remand of the judgment "reinstates" Plaintiff's petition, thus rendering moot Plaintiff's sixth and seventh points on appeal. This follows

because this court interprets the quoted docket entry as compelling the trial judge to recuse from any further participation as to any issue. 124 S.W.3d at 524. The case was remanded to the circuit court.

This court's opinion in *Yerington* was filed January 27, 2004. Mandate issued February 13, 2004. On March 17, 2004, Judge Perigo assigned the case to Honorable John R. LePage, Associate Circuit Judge of McDonald County.[1]

 Relator asserts that the action Judge Perigo took in assigning Judge LePage to the underlying circuit court case was error in that (1) it violated this court's mandate as stated in *Yerington* that Judge Perigo was compelled "to recuse from any further participation as to any issue"; (2) Judge Perigo's action violated Rule 51.05(e)(2) that precludes a disqualified judge from making assignment of a new judge; and (3) the action violated local rule 6.1.2 of the 40th Judicial Circuit that required automatic assignment to a pre-selected judge rather than a judge selected by Judge Perigo. This court agrees.

On remand, the trial court was required to follow the directions in the opinion of this court and its mandate. *Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo.1960). *White River Development Co. v. Meco Systems, Inc.*, 837 S.W.2d 327, 334 (Mo.App.1992). Action to be taken upon remand of a case from an appellate court is communicated by that court's mandate. *Durwood v. Dubinsky*, 361 S.W.2d 779, 783 (Mo.1962). The appellate court's opinion is a part of the mandate. *Id.* *Parker v. Parker*, 857 S.W.2d 873, 873–74 (Mo.App.1993). A trial court has no authority to do other than as directed by an opinion and mandate upon remand. *White River Development Co. v. Meco Systems, supra,* at 334. If it has done otherwise, any proceedings it took that were inconsistent with the opinion and mandate in the initial appeal are null and void. *Id.*

In *Yerington*, this court plainly announced its interpretation of the trial court's records; that the trial judge, Judge Perigo, was compelled to recuse from participation as to any issue. 124 S.W.3d at 524. Judge Perigo's action assigning the case to Judge LePage was inconsistent with that directive. The assignment was, therefore, null and void.

The Preliminary Order in Mandamus and Prohibition is made absolute. The purported assignment by Judge Perigo of the underlying circuit court case to Judge LePage is null and void. Judge LePage is directed to refrain from taking action in the case absent a subsequent valid assignment to the case. Due to the tortured path the underlying circuit court case has followed preparatory to trial, this court concludes the appropriate procedure for assignment of a judge to the case is to request the Supreme Court of Missouri to transfer a judge for assignment to the case. The Circuit Clerk of Newton County, Missouri, who is a party to this action, is directed to notify the Supreme Court of the disqualification of Judge Perigo and request that court to transfer a judge for assignment to *Yerington v. La–Z–Boy, Inc.*, Case No. CV300–996CC, now pending in the Circuit Court of Newton County, Missouri.

BATES, C.J., and BARNEY, J., concur.

---

1. The 40th Judicial Circuit is composed of Newton County and McDonald County. § 478.175, RSMo 2000. Judge Perigo is presiding judge of that circuit.