**CITY OF ST. LOUIS, Respondent,**

v.

**Joseph HUGHES, Appellant.**

No. 79514.

Supreme Court of Missouri,
En Banc.

Aug. 19, 1997.

Rehearing Denied Sept. 30, 1997.

Henry W. Cummings, St. Charles, for Appellant.

Tyrone A. Taborn, City Counselor, Steven R. Wild, Assistant City Counselor, Patricia A. Hageman, St. Louis, for Respondent.

PRICE, Judge.

The Missouri Court of Appeals, Eastern District, has transferred this case to the Supreme Court for ruling pursuant to Rule 83.02. Hughes admits in his brief that the orders he seeks to appeal are not judgments within the meaning of Rule 74.01(a). We dismiss the appeal.

## I.

The City of St. Louis (the city) sued defendant to enjoin a public nuisance at property known as the Alcorn Hotel located at 4165 Washington in St. Louis, Missouri. The city's petition included allegations that the hotel was being used for prostitution and illegal drug activity. During the litigation of the matter, four documents were signed by the judge. Hughes seeks to appeal from these four documents. The first document, dated March 17, 1995, states:

### MEMORANDUM FOR CLERK

Plaintiff's Motion for Sanctions is called, heard and granted. Defendants' pleadings are therefore stricken and a default judgment is entered in favor of plaintiff on its Suit to Enjoin a Public Nuisance.

/s/ .........

So Ordered

The second document, dated April 28, 1995, states:

### MEMORANDUM FOR CLERK

The City makes appearance by associate city counselor Steve Kovacs.

Defendant Joe Hughes appears by counsel, Allen I. Harris, defendant Bonnie Hughes appears not, motion to quash service on her is hereby overruled. Court finds that her estranged husband is a proper agent for service of process.

The court is considering the remedy of forced sale as a proper remedy in this case and hereby appoints Steven Goldman as special commissioner for the purpose of appraising 4165 Washington. Said commissioner should proceed with all due haste and shall report back to this court at the earliest practical time.

The court hereby enjoins all illegal activity, including but not limited to prostitution, drug transaction, and peace disturbance from being conducted at said 4165 Washington.

All parties except permanent residents and employees shall be barred from these premises until further order of this court. Defendant Joe Hughes' attorney Allen I. Harris shall provide the court with a *list of persons?* on or before Monday, May 1, 1995.

Defendant Joseph Hughes agrees to sale at a fair and equitable price. Said price to be determined at a later time.

Sale to be subject to court approval.

So ordered:

/s/ ...........

On May 24, 1995, the trial court signed the third document which states:

### MEMORANDUM FOR CLERK

Motion to set aside default judgment denied. Motion to set aside court order of April 28, 1995 is granted except for paragraphs 4 and 5. The injunction orders of such paragraphs to remain in full force and effect. A Remedy Hearing is set for Wed. June 14 at 9:30.

So ordered:

/s/ —————

The fourth document was signed by the trial court on June 16, 1995, and states:

### MEMORANDUM FOR CLERK

Cause called, plaintiff and defendant Joseph Hughes appear, Bonnie Hughes appears not. By consent it is ORDERED, ADJUDGED AND DECREED as follows:

1. Defendants, their officers, agents, employees and all persons having actual notice of this order are permanently enjoined and restrained from renting rooms at the premises known as the Alcorn Hotel on other than a monthly basis, subject to the terms and conditions of this Order.

2. Defendants may rent rooms at the Alcorn Hotel on a daily (overnight) basis until such time as any person on the premises ~~or within 50 feet thereof~~ (RD) is arrested on any charge relating to prostitution or drug possession or sale; upon service by plaintiff to defendants or a notice of the fact of any such arrest, the terms of this paragraph 2 are suspended without further order, and defendants shall forthwith comply with paragraph 1.

3. Plaintiff, through authorized officers of the Metropolitan Police Department of the City Building Division shall be granted access to the public areas of the Alcorn Hotel at any time, with or without notice, by defendants for purposes of inspecting the premises or interviewing persons on the premises.

4. Defendants, their officers, agents, employees and all persons having actual notice of this order are permanently enjoined and restrained from operating a house of prostitution or otherwise renting any room to any person for the purpose of prostitution.

5. The Court retains jurisdiction over the parties and the subject matter, and plaintiff reserves the right to seek additional relief in the event of any violation of this order.

6. Joseph Hughes consents hereto on his own behalf; judgment by default is entered against defendant Bonnie Hughes. Henry Cummings appears as counsel solely for defendant Joseph Hughes. Costs Against Defendants.

SO ORDERED:

/s/ . . . . . . . . . .

In November 1995, plaintiff filed a Motion for Contempt of the June 16, 1995, court order. The motion alleged that Hughes was arrested on October 17, 1995, for allowing the premises at 4165 Washington to be used for prostitution. A fifth document was signed by the court on November 29, 1995, and states:

### MEMORANDUM FOR CLERK

Motion for contempt called, heard, and denied. Court order of June 16, 1995 is amended to require defendant Hughes to provide to the City every 30 days his records of his monthly tenants and their social security numbers. Defendant Hughes, his agents, servants and employees are only to rent units on a monthly basis.

So ordered:

/s/ . . . . . . . . .

Defendant does not challenge this fifth order. Defendant filed his notice of appeal on December 4, 1995. In the space provided on that notice designated "Judgment or Order Appealed From:", Hughes states "Attached." He attached only the four documents dated March 17, April 28, May 24, and June 16.

## II.

### A.

The right of appeal is statutory. The applicable statutory provision is § 512.020, RSMo 1994, which provides as follows:

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

Absent one of the exceptions expressly set out in § 512.020, RSMo 1994, "[a] prerequisite to appellate review is that there be a final judgment. If the order of the trial court was not a final judgment, this Court lacks jurisdiction and the appeal must be dismissed. An appealable judgment disposes of all issues in a case, leaving nothing for future determination." *Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo. banc 1995) (citations

omitted). The legislature has defined a "judgment" as "the final determination of the right of the parties in an action." § 511.020, RSMo 1994.

The Constitution of the State of Missouri empowers this Court to "establish rules relating to practice, procedure and pleading for all courts ... which shall have the force and effect of law." *Mo. Const. art. V, § 5 (1945).* Pursuant to article V, § 5, this Court has adopted rules of civil procedure. Rule 74.01(a), which was recently amended in 1995, defines what constitutes a judgment. The new rule states:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a *writing signed by the judge and denominated* "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

Rule 74.01(a) (emphasis added).

### B.

As a preliminary matter, the city contends that this case should not turn on whether the memoranda are final appealable judgments within the meaning of Rule 74.01(a) because the Supreme Court rules cannot expand or shrink jurisdiction. Under old Rule 74.01(a), it was unclear when a *pronouncement or judgment* was a final judgment for purposes of appeal. The new rule clarifies that ambiguity by imposing an express requirement that the document or docket notation be "denominated 'judgment'." Rule 74.01(a) does not expand or shrink jurisdiction, the right to appeal, or *any other substantive right.* It merely clarifies what constitutes a "judgment."

### C.

The requirement that a trial court must "denominate" its final ruling as a "judgment" is not a mere formality. It establishes a "*bright line*" test *as to when a writing is a* judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue.

Webster's Third New International Dictionary defines "denominate" as "to give a name to: to call by a name." The American Heritage Dictionary, Second Edition defines "denominate" as "to give a name to; designate." Thus, the written judgment must be signed by the judge and must be designated a "judgment." Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being "called" a "judgment" by the trial court. Depending upon the text, mere use of the word "judgment" in the body of the writing or docket entry may not suffice.

### D.

Hughes concedes in his brief:

> All of the documents dated march 17, 1995, April 28, 1995, June 16, 1995 and November 29, 1995 are not judgments within Rule 74.01(a) in that all are entitled "Memorandum for Clerk" and thus were not denominated as judgments as required by Rule 74.01(a). Rule 74.01(a); City of St. Louis v. Hughes Missouri Court of Appeals Eastern District Opinion 69575; Contra Kessinger v. Kessinger, Southern District Opinion 20542 and Berger v. Berger, Southern District Opinion 20521 and 20526.

He thereby abandons this issue for purposes of his appeal, *State v. Hurtt,* 509 S.W.2d 14, 16 (Mo. banc 1974), and we are without jurisdiction.

### III.

The appeal is dismissed.

BENTON, C.J., LIMBAUGH, ROBERTSON, COVINGTON and HOLSTEIN, JJ., and HANNA, Special Judge, concur.

WHITE, J., not sitting.