**Leonard O. LaRUE, Petitioner/Appellant,**

v.

**Janette LOHMAN, Director, Missouri Department of Revenue, Respondent.**

No. 71802.

Missouri Court of Appeals, Eastern District, Northern Division.

Nov. 25, 1997.

Lee R. Elliott, Troy, for petitioner/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Julia N. Hosmer, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before REINHARD, P.J., and AHRENS and RHODES RUSSELL, JJ.

PER CURIAM.

Leonard O. LaRue ("driver") appeals an order of the Circuit Court of Lincoln County dismissing his cause of action against the respondent, the Director of Revenue ("Director"). We dismiss the appeal for lack of jurisdiction.

Director revoked driver's driving privileges under section 302.060(10) RSMo 1994[1] for five years effective November 16, 1993, for having twice been convicted of an alcohol-related driving offense within a five-year period. Driver was barred from obtaining a limited driving privilege under section 302.309.3(6)(b) until he had served the first two years of that revocation. In July 1996, following the expiration of that period of disqualification, driver filed a petition in the Circuit Court of Lincoln County for limited driving privileges. On November 13, 1996, the trial court made a docket entry dismissing the petition. This appeal followed.

Director asserts that we have no jurisdiction in this case because the trial court's docket entry dismissing driver's petition is not a final judgment. This court has an affirmative duty to examine the propriety of its jurisdiction in every case. *Hertlein v. Missouri Highway & Transportation Commission*, 820 S.W.2d 109, 110 (Mo.App.1991). A prerequisite to appellate review is that there be a final judgment. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995). If the order of the trial court was not a final judgment, we lack jurisdiction and the appeal must be dismissed. *Id.*

The Missouri Supreme Court recently explained in *City of St. Louis v. Hughes*, 950 S.W.2d 850 (Mo. banc 1997), that Rule 74.01(a) defines what constitutes a judgment. The rule, which was amended in 1995, states "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case." Rule 74.01(a). In *Hughes*, the Supreme Court explained that the new Rule 74.01(a) clarifies what constitutes a judgment by establishing a "bright line" test. *Hughes*, at 853. Thus, the written judgment must be signed by the judge and must be designated a "judgment," although the designation "judgment" may appear at the top of the writing, within the body of the writing, or in the entry on the docket sheet. *Id.*

The order appealed from herein appears in an entry on the docket sheet dated November 13, 1996. The entry, signed by the trial court, nowhere denominates itself as a "judgment." It is therefore not a final appealable judgment. Finding ourselves without jurisdiction, we dismiss the appeal.

---

1. All references are to RSMo 1994 unless otherwise indicated.