**AMERICAN MOTORISTS INSURANCE COMPANY, Plaintiff–Respondent,**

v.

**Donald MOORE, Jason T. Grass, Jacob A. Grass and Betty J. Downey, Defendants–Appellants.**

**No. 72372.**

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 23, 1997.

Coffey and Griesbach, Mary Coffey, St. Louis, for Jason Grass, Jacob Grass and Betty Downey.

Brown and James, Christina E. Dubis, St. Louis, for respondent.

HOFF, Judge.

Jason T. Grass, Jacob A. Grass, and Betty J. Downey (collectively appellants) appeal a decision in favor of American Motorists Insurance Company (American) in American's declaratory judgment action. Because the trial court did not denominate its order a

"judgment," we do not have jurisdiction to address the merits of the appeal and, therefore, dismiss the appeal.

American issued a homeowners' insurance policy to Lloyd Grass and Sherry Grass. During the policy period, Lloyd Grass killed Sherry Grass. Thereafter, Jason T. Grass, Jacob A. Grass, and Betty J. Downey, Sherry Grass' two sons and mother, respectively, filed a wrongful death action against T. Donald Moore, in his capacity as conservator of Lloyd Grass' estate. After T. Donald Moore made a demand on American that it defend and indemnify him, in his representative capacity, with respect to the wrongful death action, American filed this declaratory judgment action. The trial court entered summary judgment for American and denied appellants' motion for summary judgment. Specifically, the trial court found the homeowners' insurance policy issued by American to Lloyd and Sherry Grass does not provide coverage for and does not impose either a duty or an obligation on American to defend and indemnify T. Donald Moore, in his representative capacity, with respect to the wrongful death claims. This appeal followed.[1]

■ While neither party disputes our jurisdiction over this appeal, we have a duty to address appellate jurisdiction *sua sponte. McKean v. St. Louis County,* 936 S.W.2d 184, 185 (Mo.App. E.D.1996). An aggrieved party may only appeal from a final judgment of the trial court. Section 512.020 RSMo 1994. A judgment is a writing signed by a judge and denominated as a "judgment." Rule 74.01(a). While the designation "judgment" may appear as a heading at the top of the writing, may be within the body of the writing in some manner, or may exist in the docket sheet entry, it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997). "[M]ere use of the word 'judgment' in the body of the writing or docket entry may not suffice." *Id.*

■ Here, the writing reflecting the trial court's decision on the motions for summary judgment is denominated "memorandum and order." While on the third page of its written decision the trial court stated that "[s]ummary [j]udgment" was entered for American, the text of the document does not reflect that the trial court considered this document a "judgment" for purposes of Rule 74.01 and this Court's appellate jurisdiction. In fact, at the time the decision was entered, other claims remained pending and were not resolved by the trial court's decision. Moreover, the docket entry for this trial court decision does not clarify that the trial court denominated the decision as a "judgment." Thus, we conclude the trial court did not enter a final judgment under Rule 74.01(a). Accordingly, we do not have jurisdiction to review the merits of the appeal.

Appeal dismissed.

ROBERT G. DOWD, Jr., P.J., and SIMON, J., concur.

1. After the trial court's decision on the summary judgment motions, American dismissed its other pending claims. T. Donald Moore is not a party to this appeal.