**STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, Appellant,**

v.

**Ronald Dewayne HOUSTON, Respondent.**

No. 21673.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 18, 1998.

James M. McCoy, Jefferson City, for Appellant.

No appearance for Respondent.

CROW, Judge.

The Division of Child Support Enforcement ("DCSE") appeals from a ruling by the trial court setting aside a purported order of the Director of DCSE ostensibly modifying an earlier child support order entered by the trial court.

In the segment of its brief denominated "Jurisdictional Statement," DCSE avers this appeal is taken "from an order entered on April 8, 1997 by the circuit court of Reynolds County[.]" The "order" identified by DCSE appears as an entry on a docket sheet. At the end of the entry is a signature, inferably that of the trial court. The entry reads, in pertinent part:

"Court takes up motion to strike. Argument of counsel on the record. Court finds the order entered administrativly [sic] on December 13, 1995, was entered without judicial approval. Accordingly, said order, set aside and for/not [sic] held. Finding herein is final. Time is of the essence."

Rule 74.01(a), Missouri Rules of Civil Procedure (1997), reads:

" 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge *and denominated 'judgment'* is filed. The judgment may be a separate document or included on the docket sheet of the case." (Emphasis added.)

The entry of April 8, 1997, fails to satisfy the requirements of Rule 74.01(a) for a judgment in that the entry is not denominated a "judgment." Indeed, the word "judgment" appears nowhere in the entry. Consequently, the entry is not a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853[2] and [3–5]. *See: Skalecki v. Small,* 951 S.W.2d 342, 346 (Mo.App. S.D.1997).

Because the entry is not a judgment, this appeal must be dismissed. *Hughes,* 950 S.W.2d at 852–53.

So ordered.

GARRISON, P.J., and PREWITT, J., concur.