**Stephanie Cora CHAPMAN, Appellant,**

v.

**Michael Scott CHAPMAN, Respondent.**

**No. WD 53813.**

Missouri Court of Appeals,
Western District.

April 7, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1998.

Anita Rodarte, Kansas City, for Appellant.

Steve Burmeister, Janet May, Independence, for Respondent.

SPINDEN, Judge.

Stephanie Cora Manns, formerly Stephanie Cora Chapman, appeals from a decision by

The Honorable Sherrill L. Rosen, commissioner for the circuit court's family division, to transfer custody of Manns' son to his father, Michael Scott Chapman. We dismiss the appeal. We lack jurisdiction to consider it.

On October 4, 1996, Chapman asked the circuit court to find Manns in contempt for interfering with his visitation rights with the couple's child. He also asked for modification of custody and child support. Manns did not answer. Rosen convened a hearing on the motions on November 18, 1996.

Rosen declared in her decision on November 22, 1996, that Manns had "willfully, intentionally and contumaciously disobeyed the prior order of this Court [regarding interference with Chapman's visitation schedule]." Rosen decided that "this continued denial of visitation constitutes a continuing and substantial change in conditions and circumstances." Rosen determined that—because the child's development appeared to be delayed, because Manns' living arrangements necessitated his sharing a bedroom with his grandmother, and because Chapman was more likely to allow for frequent and meaningful contact with Manns than Manns had allowed with Chapman—transfer of custody to Chapman was in the child's best interests.

Manns requested that the circuit court set aside Rosen's decision and rehear the case. The circuit court denied the requests. Manns appealed Rosen's decision, contending that the commissioner erred in conducting a hearing without notice on the custody issue, in not appointing a guardian *ad litem* in light of charges of child abuse, and in deciding that the transfer of custody was in the child's best interests.

■ We dismiss Manns' appeal. We lack jurisdiction to consider an appeal from a circuit court commissioner's decision which has not been adopted by the circuit court. *Slay v. Slay,* 965 S.W.2d 845 (Mo. banc 1998). Because the circuit court did not issue a judgment in this case, and because Manns appeals from a decision issued by Rosen, a commissioner not authorized to exercise judicial power by Article V of the Missouri Constitution, we do not have jurisdiction to consider the appeal. *Id.*

■ Without a judgment, we have no jurisdiction. "Any party to a suit aggrieved by any *judgment* of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction[.]" Section 512.020, RSMo 1994 (emphasis added). *See Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997); *Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo. banc 1995).

■ Even if we could somehow construe the circuit court's denial of Manns' motions as a review and adoption of Rosen's decision, it would not be reviewable as a judgment because the circuit court did not denominate it as a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

We, therefore, dismiss Manns' appeal for lack of appellate jurisdiction.

BRECKENRIDGE, P.J., and LOWENSTEIN, J., concur.