In re the MARRIAGE OF Katherine Ann ROTZ, and Marion Dale Rotz.

Katherine Ann ROTZ, Petitioner–Respondent,

v.

Marion Dale ROTZ, Respondent–Appellant.

No. 21581.

Missouri Court of Appeals,
Southern District,
Division One.

April 28, 1998.

Steven Privette, Willow Springs, for Appellant.

D. Christian Wise, Wise Law Offices, Springfield, for Respondent.

GARRISON, Presiding Judge.

■ Marion Dale Rotz appeals from an order of the trial court denying his motion to modify its judgment dissolving his marriage to Katherine Ann Rotz. The dissolution judgment, dated November 2, 1995, had awarded custody of the parties' minor children to Mrs. Rotz. In his motion to modify, Mr. Rotz requested that the trial court transfer custody of the children to him. We do not reach the merits of his appeal because the trial court's disposition of this case is not a judgment within the meaning of Rule 74.01(a).[1]

The trial court recorded its decision in a document entitled "Order." It recites that "[Mr. Rotz's] motion to modify is ... denied. So ordered ..." The order is stamped "filed," and the judge's signature appears at the bottom of it. Nowhere in the text or the title of the trial court's decision does the word "judgment" appear.

■ The existence of a final judgment is a prerequisite to appellate review. *Brooks v. Dir. of Revenue,* 954 S.W.2d 715, 716 (Mo. App. S.D.1997). If the lower court's resolution of a case is not a final judgment, this court lacks jurisdiction and must dismiss an appeal therefrom. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo.banc 1997). A judgment must be written, signed by the judge, denominated "judgment," and filed. Rule 74.01(a). The trial court's order in the instant case, though written, signed, and filed, is not denominated "judgment," and is therefore not a judgment according to Rule 74.01(a). *Hughes,* 950 S.W.2d at 853.

We therefore dismiss Mr. Rotz's appeal for want of jurisdiction.

PREWITT and CROW, JJ., concur.

---

1. All rule references are to Missouri Rules of Civil Procedure (1997).