Beverly J. HAMBY, Appellant,

v.

CITY OF LIBERTY, Missouri,
et al., Respondents.

No. WD 54432.

Missouri Court of Appeals,
Western District.

June 2, 1998.

Richard Helfand, Panethiere & Helfand, Kansas City, for appellant.

Jerome E. Brant, Withers, Brant, Igoe & Mullennix, Liberty, for respondent.

Before BRECKENRIDGE, P.J., and LOWENSTEIN and SPINDEN, JJ.

BRECKENRIDGE, Presiding Judge.

Beverly J. Hamby appeals the trial court's order granting the motion for summary judgment filed by the City of Liberty, the City Administrator for the City of Liberty, the Police Chief for the City of Liberty, the Mayor of the City of Liberty, and the Liberty City Council Members [1] and dismissing her petition for review of the City Administrator's decision to terminate her employment as a police officer. She contends that the trial court erred in granting the motion for summary judgment and dismissing her petition for review because there are genuine issues of material fact remaining, the City is not entitled to judgment as a matter of law, and the petition states a claim for relief.

Although neither Ms. Hamby nor the City questions this court's jurisdiction over the appeal, this court has a duty to address appellate jurisdiction *sua sponte. American Motorists Ins. Co. v. Moore,* 958 S.W.2d 94, 95 (Mo.App.1997). In order to invoke appellate jurisdiction, the order of the trial court must be a final judgment. § 512.020, RSMo 1994; *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo. banc 1997). Pursuant to Rule 74.01(a), the trial court's judgment must be in writing, signed by the judge and designated a "judgment." *Hughes,* 950 S.W.2d at 853. The requirement of Rule 74.01(a) is not a mere formality,

but was intended as a "bright line" test to eliminate the confusion as to when a writing is a judgment for purposes of appeal. *Id.* The designation "judgment" can be in the heading of the document, in the body of the writing, or in the docket sheet entry; however, it must be clear from the writing that the trial court is calling the document or docket entry a "judgment." *Id.* "Depending upon the text, mere use of the word 'judgment' in the body of the writing or docket entry may not suffice." *Id.*

In this case, the court's docket entry dated April 24, 1997 and initialed by the judge reads as follows:

Comes Δ & π by attys. Ct. takes up Δ's motion for summary judgement. Ct. grants motion & treats said motion as motion to dismiss as well as summary judgement. Cause dismissed at π's costs.

The only instances in which the court uses the word "judgment" is when it explains that it was considering the motion for summary judgment and treating it as a motion to dismiss as well as a motion for summary judgment. The trial court's purpose in using the word "judgment" was to identify the motion upon which it was ruling, not to designate the entry a "judgment" for appeal purposes. *Skalecki v. Small,* 951 S.W.2d 342, 346 (Mo.App.1997). Consequently, this court lacks jurisdiction to consider the appeal. *Jurisprudence Wireless v. Cybertel Corp.,* 952 S.W.2d 815, 815 (Mo.App.1997). The appeal is dismissed.

All concur.

---

1. For simplicity's sake, this court will refer to the respondents collectively as "the City."