William R. PRICKETT, Respondent,

v.

LUCY LEE HOSPITAL, INC., Appellant.

No. 21949.

Missouri Court of Appeals,
Southern District,
Division One.

June 8, 1998.

Toni H. Blackwood, Jeffrey D. Hanslick, Blackwell, Sanders, Matheny, Weary & Lombardi, LLP, Kansas City, for Appellant.

Dennis P. Wilson, Parsons and Wilson, P.C., Dexter, for Respondent.

CROW, Judge.

Appellant's brief informs us that this appeal is from an "order" of the Circuit Court of Stoddard County.

The index to the legal file presented by Appellant lists the "Court's Judgment" as item "4." At a location immediately following tab "4" in the legal file, we find an unsigned, one-page document that appears to be a memorandum from the court clerk to the lawyers for the parties. The document reads, in pertinent part:

"On the 15th day of October, 1997, the Judge of this Court made the following Order:

Parties appear through counsel. The Court having considered the matter, now denies defendant's motion to stay proceedings."

At another location in the legal file, we find an entry on the trial court's docket sheet dated "10 15 97." It is identical to the second paragraph of the excerpt from document "4," set forth above. The docket entry, like document "4," is unsigned.

Rule 74.01, Missouri Rules of Civil Procedure (1997), the version in effect October 15, 1997,[1] reads, in pertinent part:

"(a) Included Matters. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case."

Neither document "4" nor the docket entry satisfies Rule 74.01(a). Neither is "signed by the judge,"[2] and neither is denominated "judgment." Because of those flaws, neither is appealable. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852–53 (Mo. banc 1997).

This court, mindful of its duty to determine appealability *sua sponte, Committee for Educational Equality v. State*, 878 S.W.2d

---

1. A new version of Rule 74.01 will take effect July 1, 1998. *See:* Missouri Court Rules, Vol. I, pp. 311–12 (West 1998).

2. In *Kessinger v. Kessinger*, 935 S.W.2d 347, 349[1] (Mo.App. S.D.1996), this court held a judge's handwritten initials satisfy the requirement of Rule 74.01(a) that the judgment be "signed by the judge."

446, 450[1] (Mo. banc 1994), must dismiss this appeal. *Hughes*, 950 S.W.2d at 852–53.

Appeal dismissed.

GARRISON, P.J., and PREWITT, J., concur.