**Barry BROWN and Brian Brown, Plaintiffs/Appellants,**

v.

**Brad MOORE, Defendant/Respondent.**

**No. ED 81212.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 20, 2002.

---

Ryan S. Shaughnessy, St. Louis, MO, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

Barry Brown and Brian Brown, the appellants, filed a petition for malicious prosecution against Brad Moore, the respondent, a state highway patrol officer. The respondent filed a motion to dismiss the petition. The circuit court entered an order granting the respondent's motion and dismissing the appellants' petition with prejudice. The appellants filed the present appeal, which we dismiss.

An aggrieved party may only appeal from a final judgment of the trial court. Section 512.020, RSMo 2000. A judgment is a writing signed by a judge and denominated as a "judgment." Rule 74.01(a); *American Motorists Ins. Co. v. Moore,* 958 S.W.2d 94, 95 (Mo.App. E.D.1997). The designation of "judgment" may occur at the top of the writing, within the body of the writing, or in a docket-sheet entry, but it must be clear from the writing that the trial court is calling the document or docket-sheet entry a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

Here, the trial court made a docket entry as follows:

**Dismiss by Ct w/ Prejudice**

The Court, after having taken cause under advisement, does grant Defendant's Motion to Dismiss. Clerk to notify. So Ordered!

The judge then signed the docket entry. The order does not reflect that the trial court was entering a judgment for purposes of Rule 74.01(a). We issued an order directing appellants to show cause why this appeal should not be dismissed, but appellants have failed to respond. We

conclude there was no final, appealable judgment and dismiss the appeal.

Appeal dismissed.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.