**Henry NUSPL, Appellant,**

v.

**Larry PINKSTON, Respondent.**

**No. ED 80975.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 27, 2002.

Henry M. Nuspl, St. Louis, MO, appellant, Pro Se.

Cassandra E. Johnson, Clayton, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

Henry Nuspl, the appellant, filed a civil suit against a St. Louis County police officer, Larry Pinkston, the respondent, alleging he had wrongfully arrested him. The respondent filed a motion to dismiss, which was granted with prejudice. The appellant appeals from this order. Because we find there is no appealable judgment, we dismiss the appeal.

An aggrieved party may only appeal from a final judgment of the trial court. Section 512.020, RSMo 2000. In a civil case, a judgment is a writing both signed by a judge and expressly denominated a "judgment." Rule 74.01(a); *American Motorists Ins. Co. v. Moore*, 958 S.W.2d 94, 95 (Mo.App. E.D.1997). The designation of "judgment" may occur at the top of the writing, within the body of the writing, or in a docket sheet entry, but it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).

Here, the trial court granted the respondent's motion to dismiss by issuing an order. Although labeled "Final Order," the document is not denominated a judgment in either the caption or within the body of the order. The docket entry does refer to entry of "judgment" for defendant, but this entry is not signed or initialed by the trial court judge. *See, Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo.App. S.D.1996). Therefore, we have a docket entry that is denominated a judgment, but is not signed or initialed by a judge, and we have a document that is not denominated a judgment, but is signed by the judge. Accordingly, we do not have a writing that is both signed by a judge and denominated a judgment.

We have a duty to *sua sponte* determine whether we have jurisdiction and if we lack jurisdiction to entertain an appeal it should be dismissed. *Fischer v. City of Washington*, 55 S.W.3d 372, 377 (Mo.App. E.D.2001). We issued an order directing the appellant to show cause why this appeal should not be dismissed, but he has failed to respond. We conclude there was no final, appealable judgment and this court lacks appellate jurisdiction. Therefore, we dismiss the appeal.

Appeal dismissed.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.