Teresa Machele MURRAY,
Petitioner–Appellant,

v.

Bryan Patrick MURRAY, Respondent–
Respondent.

No. 24728.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 13, 2003.

Lisa C. Henderson, Buffalo, for Appellant.

J. Christopher Allen, O'Neil & Allen, Lebanon, for Respondent.

PHILLIP R. GARRISON, Judge.

Teresa Machele Murray ("Appellant") appeals from the trial court's order sustaining the motion of Bryan Patrick Murray ("Respondent") to dismiss her request to relocate with the parties' minor child. The trial court's order, in the form of a docket entry dated December 21, 2001, specifically found that Appellant acted in bad faith when she notified Respondent of her intent to relocate twenty-seven days after a prior ruling upholding the parties stipulated agreement that provided Appellant would reside in Laclede County.

We do not reach the merits of this appeal, as the trial court's disposition of the case does not appear to be an appealable final judgment within the meaning of Rule 74.01.[1] "The existence of a final judgment is a prerequisite to appellate review." *In re Marriage of Rotz,* 968 S.W.2d 198, 199 (Mo.App. S.D.1998). Rule 74.01(a) specifies that a "judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. The judgment may be a separate document or entry on the docket sheet of the case." Thus, the rule establishes a "bright line test." *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997). "Whether the designation 'judgment' appears as a heading at the top of the writing, within the body of the writing in some manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being 'called' a 'judgment' by the trial court." *Id.*

The docket entry referenced here is not designated a "judgment" as required in *Hughes.* It is not, therefore, in the form of a "judgment" as contemplated by Rule 74.01(a) and the cases cited above. *See Hughes* at 853; *Martin v. Director of Revenue,* 10 S.W.3d 618, 623 (Mo.App. S.D. 2000). In the absence of a final judgment, this court lacks appellate jurisdiction and the appeal must be dismissed. *Ball v. Shannon,* 964 S.W.2d 858, 859 (Mo.App. S.D.1998).

Appeal dismissed.

MONTGOMERY, P.J., and BARNEY, J., concur.

---

1. References to rules are to Missouri Rules of Civil Procedure (2000) unless otherwise indicated.