**SLJ, Respondent,**

v.

**RJ, Appellant.**

**No. ED 81767.**

Missouri Court of Appeals, Eastern District, Division Five.

March 25, 2003.

R.J., Clayton, pro se.

Mark H. Kruger, Clayton, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

The appellant, Ric Jacobs, has appealed from an order entered on September 9, 2002 for the appellant to pay $9,052 for attorneys' fees incurred by respondent in defending several frivolous motions. Be-

cause we find there is no final, appealable judgment, we dismiss the appeal.

The appellant filed this appeal on September 27, 2002. He included a civil case information form pursuant to Eastern District Rule 300, but the form failed to identify the parties by their legal names and used initials only. We directed the appellant to supplement his response with the full legal names of the parties. *See, CPK/Kupper Parker Communications, Inc. v. HGL/L,* 51 S.W.3d 881, 881 n. 1 (Mo.App. E.D.2001). The order advised appellant that in the event he desired to file the names under seal he could seek leave of court to do so with reasons for such action. The appellant followed this directive with several motions seeking to avoid compliance. The appellant sought to file the names of the parties under seal. This Court denied those motions and dismissed the appellant's appeal for failing to disclose the names of the parties. The appellant then filed the names of the parties and asked that his appeal be reinstated. This Court then reinstated the appeal.

■ The appellant seeks to appeal from an order granting respondent attorneys' fees. In order to perfect an appeal, it is necessary that the order be expressly denominated a "judgment." Rule 74.01(a); *Brown v. Moore,* 83 S.W.3d 71 (Mo.App. E.D.2002). The designation of "judgment" may occur at the top of the writing, within the body of the writing, or in a docket-sheet entry, but it must be clear from the writing that the trial court is calling the document or docket-sheet entry a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997). Here, the order of September 9, 2002 is not denominated "judgment." Although the docket entry does state "Judgment Granted," this entry is not signed or initialed by the trial court judge. *Nuspl v. Pinkston,* 84 S.W.3d 131, 132 (Mo.App. E.D.2002).

As a result, there is no final, appealable judgment.

■ This court has a duty to *sua sponte* determine whether we have jurisdiction. *Fischer v. City of Washington,* 55 S.W.3d 372, 377 (Mo.App. E.D.2001). If we lack jurisdiction to entertain an appeal it should be dismissed. *Id.* Therefore, we dismiss the appellant's appeal without prejudice for failure to comply with Rule 74.01(a).

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.