Brian S. **WILLIAMS, Respondent,**

v.

**IMPERIAL HOMES, INC., Appellant.**

No. ED 85399.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 16, 2005.

Joseph P. Cunningham III, Crystal City, MO, for appellant.

Michael P. Kelly, Potosi, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

Brian Williams (Respondent) filed a petition against Imperial Homes, Inc. (Appellant) and two other defendants for fraudulent misrepresentation and fraud.[1] After a trial, the jury awarded Respondent $84,000 in damages. Appellant filed a motion for new trial, which was denied. The trial court did not enter a judgment as defined

---

1. It appears the other two defendants were dismissed, but this is not entirely clear from the record before us.

by Rule 74.01(a). Appellant filed this appeal.

This Court must determine its jurisdiction *sua sponte* and if we lack jurisdiction, we should dismiss the appeal. *Bryant v. City of University City,* 105 S.W.3d 855, 856 (Mo.App. E.D.2003). In a civil case, a judgment must be expressly denominated "judgment" to be appealable. Rule 74.01(a); *Peet v. Randolph,* 103 S.W.3d 872, 875 (Mo.App. E.D.2003). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

Here, there is a jury verdict. However, the legal file fails to include a judgment as defined under Rule 74.01(a). We issued an order directing Appellant to show cause why the appeal should not be dismissed and providing Appellant an opportunity to obtain a judgment that complied with Rule 74.01(a). In response, Appellant filed a motion for extension of time to file a supplemental legal file. Appellant stated that no judgment has ever been filed despite his request of the circuit court to enter a judgment in conformity with Rule 74.01(a). This court granted Appellant an extension to file a supplemental legal file. Appellant has been given an opportunity to file a supplemental legal file, but has not done so.

The requirements for determining when a judgment is entered under Rule 74.01(a) establish a bright line test as to when a judgment is entered. *Hughes,* 950 S.W.2d at 853; *See also, Brooks v. Brooks,* 98 S.W.3d 530, 532 (Mo. banc 2003). Without a judgment, this Court lacks jurisdiction. *Jon E. Fuhrer Co. v. Gerhardt,* 955 S.W.2d 212, 213 (Mo.App. E.D.1997).

We dismiss the appeal without prejudice for lack of a final, appealable judgment.

GLENN A. NORTON, J., and NANNETTE A. BAKER, J., concur.