**William ROBERTSON,**
**Plaintiff/Appellant,**

v.

**UNION ELECTRIC COMPANY**
**d/b/a Amerenue, et. al, De-**
**fendants/Respondents.**

No. ED 88210.

Missouri Court of Appeals,
Eastern District.
Division Five.

Sept. 12, 2006.

Robert Grant Pennell, St. Louis, MO, for appellant.

James J. Virtel, St. Louis, MO, Armstrong, Teasdale, LLP, for respondent.

BOOKER T. SHAW, Chief Judge.

William Robertson (Appellant) appeals from an order dismissing his petition for lack of subject matter jurisdiction. The appeal is dismissed.

This Court has an obligation to determine *sua sponte* whether it has jurisdiction to entertain an appeal, and if we lack jurisdiction, we should dismiss the appeal. *Bryant v. City of University City,*

105 S.W.3d 855, 856 (Mo.App. E.D.2003). In a civil case, a judgment must be expressly denominated "judgment" or "decree" to be appealable. Rule 74.01(a); *Williams v. Imperial Homes, Inc.,* 169 S.W.3d 554, 555 (Mo.App.E.D.2005. E.D.1997). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

▉ Here, the order granting the Respondents' motion to dismiss and dismissing Appellant's appeal without prejudice is not denominated a judgment.[1] We issued an order directing Appellant to show cause why his appeal should not be dismissed and providing Appellant an opportunity to ask the circuit court to enter a judgment that complied with Rule 74.01(a). Appellant has failed to respond to our order and has not filed a judgment complying with Rule 74.01(a).

We dismiss the appeal without prejudice for lack of a final, appealable judgment.

GLENN A. NORTON, J. and PATRICIA L. COHEN, concur.

---

1. Even though the dismissal asserts it is "without prejudice," the trial court granted Respondents' motion to dismiss, which asserted that the court lacked subject matter jurisdiction because the case should be handled in the Division of Workers' Compensation. This dismissal operates to preclude Appellant from bringing another action for the same cause in circuit court and has the practical effect of terminating the litigation in the form cast. *See, Chromalloy American Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997). Therefore, it would be appealable if denominated a judgment under Rule 74.01(a).