August A. ORF, Jr., and Florence Orf, Respondents,

v.

Karen ORF, Appellant.

No. ED 86972.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 12, 2006.

Joseph J. Porzenski, St. Charles, MO, for appellant.

Gerald J. Bamberger, St. Charles, MO, for respondents.

*OPINION*

KENNETH M. ROMINES, Judge.

Karen Orf appeals from the Circuit Court's decision to reinstate its prior default judgment against her. We dismiss this appeal for lack of subject matter jurisdiction.

On 11 April 2005, August and Florence Orf filed a Petition on Indebtedness against Gary and Karen Orf. On 26 May 2005, the Circuit Court found that Gary and Karen Orf failed to file a responsive pleading within 30 days, and entered a default judgment against them. Karen filed a Motion to Set Aside the Default Judgment on 13 June 2005. The Circuit Court granted Karen's motion on 23 June 2005, granted her 20 days to file a response to the Petition on Indebtedness, and ordered her to pay $200 in sanctions by 1 August 2005. On 8 July 2005, August and Florence filed a Motion to Vacate the Court's Order Setting Aside Default Judgment. On 14 July 2005, the Circuit Court vacated its previous order and reinstated the default judgment. Karen filed a Motion to Amend the Judgment or, in the Alternative, Motion for New Hearing, which was denied.

The Circuit Court's 14 July 2005 decision, which reinstated the Default Judgment, is not designated "judgment" or "decree," as required by Rule 74.01(a). The docket entry for 14 July 2005 states "Judgment Entered"; however, it is not signed or initialed by the judge. In *SLJ v. RJ*, this court dismissed a case, without prejudice, for lack of a final, appealable judgment. *SLJ*, 101 S.W.3d 339, 340 (Mo.App. E.D.2003). This court found that an order that is not denominated "Judgment," and a docket entry that states "Judgment Granted" but is not signed or initialed by the judge, do not add up to a final, appealable judgment that satisfies Rule 74.01(a). *Id.* Likewise, this case involves an order that is not properly denominated, and an unsigned docket entry, and we lack jurisdiction to consider the appeal.

Karen also argues that we may treat her appeal as a writ under *State v. Larson,* 79 S.W.3d 891, 893 (Mo. banc 2002). We disagree. *Larson* held that, in limited circumstances, the Court will treat improper appeals as applications for writs, "to avoid irreparable harm to a party." *Larson* at 893. This type of writ is most frequently issued in the case of discovery orders and motions for change of venue. *Id.* The instant matter does not fall under *Larson's* purview. Upon dismissal without prejudice, and the issuance of a final judgment from the Circuit Court, Karen will have ten days from the date of that final judgment to file a new Notice of Appeal. See Rule 81.04. As such, dismissal will not result in "irreparable harm," and we will not treat the appeal as a writ.

The appeal is dismissed, without prejudice, for lack of jurisdiction.

GLENN A. NORTON, P.J., and LAWRENCE E. MOONEY, J., concur.