**Theodis BROWN, Appellant,**

v.

**MISSOURI DEPARTMENT OF FIRE SAFETY, Respondent.**

**No. ED 90608.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 19, 2008.

Theodis Brown (pro se), St. Louis, MO, for appellant.

Missouri Department of Fire Safety (pro se), Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Chief Judge.

Theodis Brown (Appellant) appeals from an order entered by the circuit court on November 1, 2007. Because there is no final, appealable judgment, we dismiss the appeal.

On September 24, 2007, Appellant faxed several documents to the circuit court, including a circuit civil/equity cover sheet, an application for a small claims trial de novo, and a general form for a petition for writ of mandamus. The trial court entered an order that same day stating it could not find any small claims case, that no filing fee had been paid, and that it could not determine the purpose of the filing. The court ordered that the documents be placed in a miscellaneous file and that no further action be taken. On November 1, 2007, the trial court entered another order in response to multiple filings by Appellant in which it again concluded that there was no cause of action pending before the Court and ordering that no further action be taken in the closed file.

 Appellant filed a notice of appeal, asserting he was appealing from a judgment entered on November 1, 2007. However, no judgment was entered on November 1, 2007, but only an order. The order did not comply with Rule 74.01(a). If a judgment is not entered in accordance with Rule 74.01(a), there is no final, appealable judgment and this Court is without appellate jurisdiction. *City of St. Louis v. Hughes*, 950 S.W.2d 850 (Mo. banc 1997).

 Moreover, even if the November 1, 2007 order were denominated "judgment," it would not be appealable, because it did not resolve any claims. For a judgment to be appealable, it must be one that finally disposes of at least one claim on the merits and not a ruling on miscellaneous issues that does not resolve even one claim. *See, Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). Here, there were no claims pending in the circuit court. Appellant had filed miscellaneous documents

with the circuit court, which did not even state a claim for relief. Appellant did not pay a filing fee or file a motion to proceed in forma pauperis. The trial court simply ordered the documents filed without any action taken and no case was ever initiated. There do not appear to be any claims for the trial court to even resolve. Accordingly, there is no final, appealable judgment.

This Court issued an order directing Appellant to show cause why his appeal should not be dismissed. Although Appellant has inundated this Court with various documents, none of them specifically address the appealability of the November 1, 2007 order. Rather, Appellant "reminds" the court that "all thing[s] raised as issue[s] in trial court below can be raised on appeals." However, as stated above, no case was ever initiated in the circuit court and thus, no issues raised. Moreover, we can see no impediment to Appellant simply filing a legible petition that conforms with the Rules of Civil Procedure and states a claim for relief, along with either the appropriate filing fee or a motion to proceed in forma pauperis. By proceeding in this fashion, Appellant can have his issues addressed in the trial court. If the trial court rules against him, then Appellant may appeal. At this point, however, there is no final, appealable judgment which this Court can review.

The appeal is dismissed for lack of a final, appealable judgment.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.