**Sohrab DEVITRE, Plaintiff/Appellant,**

v.

**THE ORTHOPEDIC CENTER OF ST. LOUIS, LLC, and Mitchell B. Rotman, M.D., Defendants/Respondents.**

**No. ED 92544.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 5, 2009.

James Collins II, St. Louis, MO, for appellant.

David Hares, St. Louis, MO, for respondents.

NANNETTE A. BAKER, Chief Judge.

Plaintiff Sohrab Devitre (Appellant) appeals from an order granting the motion to dismiss filed by The Orthopedic Center of St. Louis and Mitchell B. Rotman (Respondents) and dismissing Appellant's cause.

As an initial matter, this Court must determine whether it has jurisdiction to entertain this appeal. If we lack jurisdiction, we should dismiss the appeal. *Brown v. Missouri Department of Fire Safety,* 247 S.W.3d 17, 18 (Mo.App. E.D.2008). To invoke this Court's jurisdiction, parties must appeal an order that has been denominated either a judgment or decree. Rule 74.01(a); *Orf v. Orf,* 208 S.W.3d 306, 307 (Mo.App. E.D.2006). Rule 74.01(a)'s requirement that a judgment be denominated a judgment or decree "is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue." *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997); *See also, Lake V. McCollum,* 257 S.W.3d 614, 616 (Mo. banc 2008). In designating the writing a judgment or decree, it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment or decree. *Hughes,* 950 S.W.2d at 853.

Here, the order granting Respondents' motion to dismiss is not denominated a judgment or decree as required by Rule 74.01(a). We issued an order directing Appellant to show cause why the appeal should not be dismissed. Appellant has failed to respond to our order and has not filed a judgment complying with Rule 74.01(a). The order must be denominated a judgment or decree or this Court lacks jurisdiction. *Brooks v. Brooks,* 98 S.W.3d 530, 532 (Mo. banc 2003).

We dismiss the appeal without prejudice for lack of a final, appealable judgment.

PATRICIA L. COHEN and
KENNETH M. ROMINES, JJ., concur.