

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| AMOSO REALTY, LLC, | ) | No. ED104375 |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| MONIQUE MILTON, | ) | |
| | ) | |
| Defendant/Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | Honorable Paula Perkins Bryant |
| BRYCE WEATHERS, | ) | |
| | ) | |
| Proposed Intervenor/Appellant. | ) | FILED: December 27, 2016 |

## Introduction

Bryce Weathers ("Weathers") appeals from the trial court's order denying his motion to intervene in Amoso Realty's ("Amoso") suit for rent and possession against Monique Milton ("Milton"). Weathers filed his motion to intervene after Amoso (the plaintiff and counter-defendant) and Milton (the defendant and counter-plaintiff) filed a voluntary dismissal of all claims against one another under Rule 67.02(a).[1] Because the trial court's order denying Weathers's intervention motion was not a final appealable judgment under Section 512.020,[2] we dismiss this appeal.

---

[1] All rule references are to Mo. R. Civ. P. (2015).
[2] All statutory references are to RSMo (Cum. Supp. 2012).

## Factual and Procedural History

Amoso filed a petition for rent and possession against Monique Milton. The petition alleged that Amoso was acting as the authorized agent of Weathers, the property owner, for purposes of the rent-and-possession action. The petition further alleged that Milton rented the property for $475 per month, and, due to Milton's failure to pay rent, Amoso sought restitution of the premises and damages for rent and other fees.

In response, Milton asserted counterclaims against both Amoso and Weathers. The counterclaims alleged that Amoso and Weathers were negligent for failing to exterminate the bed bugs, and further alleged that Amoso and Weathers brought the rent-and-possession action in retaliation for Milton's reporting bed bugs to the St. Louis Health Department.

The trial court entered an order granting leave for Milton to file a third-party petition against Weathers, but Weathers was never served and thus never became a party.[3] The trial court set a court date for January 2016.

Amoso and Milton filed a joint "STIPULATION FOR DISMISSAL" on December 18, 2015. Regarding Amoso's claims against Milton, the stipulation stated that Amoso agreed to dismiss all claims against Milton with prejudice. The stipulation also stated that Milton would dismiss all of her claims against Amoso *with* prejudice and against Weathers—who had not yet been served—*without* prejudice. The corresponding entry on the trial court's docket was titled, "Dismissed by Parties."

Weathers subsequently filed a motion to intervene in the rent-and-possession action, alleging that Amoso was the agent for Weathers in the lawsuit, and that Amoso and Milton had settled the case for their considerable benefit, without Weathers' "knowledge, consent or

---

[3] Section 535.020 allows the landlord's agent (here, Amoso) to sue a tenant (Milton) as the named plaintiff in a rent-and-possession suit. Thus, the landlord (Weathers) need not become a party if the agent files the suit.

2

authorization," thereby breaching Amoso's fiduciary duties to Weathers. Thus, Weathers requested leave to intervene.

Almost two months later the trial court entered an order setting a hearing date on the motion to intervene. While our record does not contain a transcript of the hearing, the trial court subsequently ordered briefing on "whether the proposed dismissal of December 18, 2015 is valid or not as per the face of the present record."

In a subsequent written order, the trial court denied Weathers's motion to intervene. The trial court reasoned that Amoso and Milton's Stipulation of Dismissal was a voluntary dismissal under Rule 67.02(a), which was effective—without judicial approval—on the date it was filed. Thus, the trial court found that it lacked jurisdiction and denied Weathers's motion to intervene. The written order did not contain the word "judgment," but the corresponding docket entry stated, "SEE ORDER AND JUDGMENT—THEREFORE, IT IS ORDERED THAT BRYCE WEATHERS [*sic*] MOTION TO INTERVENE ... IS HEREBY DENIED. SO ORDERED: JUDGE PAULA P. BRYANT." The trial judge's name was typewritten. Weathers appeals.

## Discussion

Before we reach the merits of the appeal, we have a duty to determine if Weathers is entitled to an appeal. State ex rel. Koster v. ConocoPhillips Co., 493 S.W.3d 397, 399 (Mo. banc 2016). The right to appeal is purely statutory. Buemi v. Kerckhoff, 359 S.W.3d 16, 20 (Mo. banc 2011). No right to appeal exists unless specifically provided for by statute. Id. Section 512.020 provides the general mechanism for determining who may appeal in a civil case,[4] it states:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having

---

[4] Weathers does not suggest any other statutory authority entitling him to appeal.

3

appellate jurisdiction from any: ... (5) **Final judgment in the case** or from any special order after final judgment in the cause; .... (Emphasis added.)

A final judgment is a prerequisite to appellate review, subject to exceptions not relevant here.[5] Buemi, 359 S.W.3d at 20. A final appealable judgment is a writing signed by the judge and specifically denominated "judgment" or "decree" that resolves all issues in a case and leaves nothing for future determination. Basta v. Kansas City Power & Light Co., 410 S.W.3d 743, 746 (Mo. App. W.D. 2013); Rule 74.01(a).

"The designation of 'judgment' may occur at the top of the writing, within the body of the writing, or in a docket-sheet entry, but **it must be clear from the writing that the trial court is calling the document or docket-sheet entry a judgment.**" SLJ v. RJ, 101 S.W.3d 339, 340 (Mo. App. E.D. 2003) (emphasis added). The requirement that a trial court denominate a writing as a "judgment" is not a mere formality; it establishes a "bright line" test to determine when a writing is a judgment. City of St. Louis v. Hughes, 950 S.W.2d 850, 853 (Mo. banc 1997).

In SLJ, a written trial-court order did not include the word "judgment," although the docket entry stated, "Judgment Granted." 101 S.W.3d at 340. This Court held that the written order did not constitute a final judgment because the written order was not denominated a "judgment." Id. We further explained that the docket entry did not constitute a "judgment" because it lacked another requirement of Rule 74.01(a): it was not signed or initialed by the judge. Id. We held that the two documents (the written order and the docket entry) could not combine to create a final appealable judgment, even though the docket entry clearly referred to the written order. See id. We dismissed the appeal. Id.

---

[5] Section 512.020, subsections (1)–(4), also allows appeals from a few specific interlocutory orders. None of those subsections are relevant here.

4

In Orf, this Court followed and applied our reasoning in SLJ on nearly identical facts. Orf v. Orf, 208 S.W.3d 306, 307 (Mo. App. E.D. 2006). The trial court issued an order that was not denominated a "judgment." Id. The corresponding docket entry stated, "Judgment Entered," but it was not signed or initialed by the judge. Id. After reviewing our analysis in SLJ, we held that "this case involves an order that is not properly denominated, and an unsigned docket entry, and we lack jurisdiction to consider the appeal." Id.

Weathers appeals from the trial court's April 28, 2016, Order denying his motion to intervene. Similar to SLJ and Orf, the trial court's written order was not denominated a "judgment" and the order did not contain the word "judgment." As in SLJ and Orf, we acknowledge that the corresponding docket entry stated, "SEE ORDER AND JUDGMENT." We further note that the docket entry included the trial judge's typewritten name. However, the judge's typewritten name is not a signature for the purposes of Rule 74.01(a). See Rule 41.08(a) ("Documents requiring a judge's or commissioner's signature may be signed by an original signature, stamped signature, or an electronic graphic representation of a signature."); see also Kearns v. New York Cmty. Bank, 389 S.W.3d 294, 297 n.5 (Mo. App. W.D. 2013) (in dicta, noting, "If a judge's typewritten name appears beneath the docket entry, the signing requirement is satisfied if the judge initials the entry.").[6]

As in SLJ and Orf, here we have an order that has not been denominated a "judgment" and an unsigned docket entry, neither of which constituted a final judgment. See SLJ, 101 S.W.3d at 340; Orf, 208 S.W.3d at 307. Because Weathers lacks a final appealable judgment, we dismiss this appeal. Id.

---

[6] Further, this handwritten-typewritten distinction exists with regard to judicial initials constituting a "signature." Compare Kessinger v. Kessinger, 935 S.W.2d 347, 349 (Mo. App. S.D. 1996) (handwritten initials satisfy the signature requirement) with Grissum v. Soldi, 87 S.W.3d 915, 917 (Mo. App. S.D. 2002) (typewritten initials do not).

5

## Conclusion

The appeal is dismissed.

_____
KURT S. ODENWALD, Judge

James M. Dowd, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.

6