**Vince MANZER and Margaret Manzer, Plaintiffs/Appellants,**

v.

**Jorge M. SANCHEZ, Manzer, Sanchez & Associates, Inc., Dan Ising And Robert McIntyre, Defendants/Respondents.**

**No. 71908.**

Missouri Court of Appeals, Eastern District, Division Two.

April 21, 1998.

---

Michael A. Becker, Helfrey, Simon & Jones, P.C. & Yates, L.L.C., St. Louis, for plaintiffs/appellants.

Frank Susman, Kenneth B. Newman, Susman, Schermer, Rimmel & Shifrin, L.L.C., Garry McCubbin, Warren W. Friedman, Jim R. Barkalow, Law Office of Warren W. Friedman, St. Louis, for defendants/respondents.

Before CRANE, P.J., and RHODES RUSSELL and JAMES R. DOWD, JJ.

PER CURIAM.

Plaintiffs Vince and Margaret Manzer appeal from the trial court's order dismissing their shareholder derivative lawsuit with prejudice.

■ Although not raised by the parties, we must determine *sua sponte* whether this court has jurisdiction to hear the present appeal. *McKean v. St. Louis County,* 936 S.W.2d 184, 185 (Mo.App. E.D.1996). Only rulings denominated as "judgments" are final and appealable. Rule 74.01(a) provides:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when *a writing signed by the judge and denominated "judgment" is filed.* The judgment may be a separate document or included on the docket sheet of the case.

(emphasis added); *see also City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

■ After carefully searching the record, we find that the order fails to satisfy the requirements of Rule 74.01(a). Although signed by the trial judge, the order was not denominated a "judgment." Consequently, this appeal must be dismissed. *Hughes,* 950 S.W.2d at 852–53.

So ordered.