**STATE of Missouri ex rel. CITY OF BLUE SPRINGS, MISSOURI, Relator,**

v.

**The Honorable Robert M. SCHIEBER, Circuit Court Judge, Respondent.**

No. WD 73774.

Missouri Court of Appeals, Western District.

June 21, 2011.

See also, 250 S.W.3d 365.

687

Brandon D. Mizner, Kansas City, MO, for Relator and Defendant in the Underlying Action, City of Blue Springs, Missouri.

Margaret D. Lineberry, Kansas City, MO, for Plaintiffs in the Underlying Action, Shawn Stevens and Jennifer Stevens.

David R. Buchanan, Kansas City, MO, for Defendants in the Underlying Action, MarKirk Construction, Inc., and Kirk Jones.

Joseph S. Gall, Independence, MO, for Defendant in the Underlying Action, Damar Development, Inc.

Before Writ Division: KAREN KING MITCHELL, Presiding Judge, and THOMAS H. NEWTON and MARK D. PFEIFFER, Judges.

KAREN KING MITCHELL, Presiding Judge.

This is a *res judicata* case. The plaintiffs had previously sued the defendant and other co-defendants. The circuit court granted summary judgment in favor of the defendant, but the plaintiffs' claims against the co-defendants remained. The plaintiffs then dismissed their claims against the remaining co-defendants without prejudice and refiled the same claims against most of the defendants, including the defendant in whose favor summary judgment had been granted. The primary issue is whether there was a final judgment on the merits with respect to the defendant for whom summary judgment had been granted. We hold that there was. Accordingly, we issue and make absolute the writ of mandamus, mandating that the Respondent grant the Relator's motion for judgment on the pleadings.

### Facts and Procedural Background

Shawn Stevens and Jennifer Stevens filed a lawsuit against the Relator, the City of Blue Springs ("Blue Springs"), alleging negligence and inverse condemnation. The Stevenses alleged that Blue Springs was liable to them because it approved and

accepted dedication of a grading plan, a drainage plan, and an infrastructure improvement plan ("plans") that affected their property and the surrounding areas. They alleged that the plans failed to provide adequate drainage. The Stevenses also sued various other persons ("other defendants"), alleging that they were liable for the property damage caused by the allegedly deficient drainage.

Blue Springs filed a motion for summary judgment, but the circuit court denied it. Blue Springs petitioned the Supreme Court of Missouri for a writ of prohibition. The Supreme Court issued and made absolute the writ, prohibiting the circuit court from taking action in the case as against Blue Springs, apart from granting summary judgment. *State ex rel. City of Blue Springs v. Nixon*, 250 S.W.3d 365, 373 (Mo. banc 2008).

The circuit court then granted summary judgment in Blue Springs's favor ("the summary judgment"). The summary judgment did not contain any language respecting "dismissal with prejudice" or "dismissal without prejudice." The Stevenses dismissed their claims against the other defendants without prejudice.

The Stevenses filed this case against Blue Springs and some of the other defendants. Again, the Stevenses assert inverse condemnation against Blue Springs, arguing that Blue Springs is liable to them for the damage caused by the allegedly improper drainage. The Stevenses again allege that Blue Springs was negligent in approving and accepting dedication of the plans.

Blue Springs moved for judgment on the pleadings, arguing, among other things, that, as against it, the Stevenses' claims were barred by the doctrine of *res judica-*ta because of the previous grant of summary judgment. In response to the motion, the Stevenses argued that there was no final judgment on the merits in the first case. In addition, they argued that the summary judgment was a "summary judgment of dismissal without prejudice" in that the judgment did not indicate that it was a dismissal with prejudice. They also argued that they had changed their theory in the newly filed case: in the first action, their position was that Blue Springs was negligent in *approving* the plans, whereas in the second action, their position was that Blue Springs was negligent in *not noticing* that the developer had failed to follow the plans. The circuit court, the Honorable Robert M. Schieber presiding, denied Blue Springs's motion for judgment on the pleadings.

Blue Springs filed a petition for a writ for prohibition, or, alternatively, for a writ of mandamus, asking that we mandate that Judge Schieber grant the motion for judgment on the pleadings. We asked for suggestions in opposition, but we have received none.[1] We now issue the writ of mandamus and make it absolute.

## Standard of Review

When the relator seeks a writ of mandamus, we review the circuit court's failure to act under an abuse of discretion standard. *State ex rel. Auto Owners Ins. Co. v. Messina*, 331 S.W.3d 662, 664 (Mo. banc 2011).

> The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform. The writ can only be issued to compel a party to act when it was his duty to act without it.... A litigant asking relief by

---

1. Although Judge Schieber is technically the Respondent, it is the general practice for the parties adverse to the Relator in the case below to file suggestions in opposition.

mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed.... Mandamus does not issue except in cases where the ministerial duty sought to be coerced is definite, arising under conditions admitted or proved and imposed by law.

*Furlong Cos. v. City of Kan. City,* 189 S.W.3d 157, 165–66 (Mo. banc 2006) (citations omitted). A writ of mandamus will be proper when the circuit court wrongfully denies a party's motion to dismiss. *State ex rel. Jewish Hosp. of St. Louis v. Buder,* 540 S.W.2d 100, 108 (Mo.App.1976) (holding that an action filed outside the statutory period of limitations should be dismissed and that mandamus was the proper remedy when the circuit court had denied the defendant's motion to dismiss); *see also State ex rel. Corcoran v. Buder,* 428 S.W.2d 935, 939 (Mo.App.1968) ("[W]here under the facts the action of the court can be legally exercised in but one way, mandamus will lie.").

### Law and Analysis

■ Blue Springs argues that, as against it, the Stevenses' claim is barred by the doctrine of *res judicata* in that the summary judgment was a final judgment on the merits, and all other elements of *res judicata* are met. We agree.

The doctrine of res judicata bars a claim if the following elements are satisfied: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made.

*Mo. Real Estate & Ins. Agency v. St. Louis Cnty.,* 959 S.W.2d 847, 850 (Mo.App. E.D.1997). In addition, the first action must constitute a final judgment on the merits. *Jordan v. Kan. City,* 929 S.W.2d 882, 885 (Mo.App. W.D.1996).

Here, the four "identities" are not seriously in dispute. "The thing sued for"—damage to the Stevenses' property caused by allegedly deficient drainage—is identical. The cause of action—inverse condemnation—is identical. The parties, also, are identical, and there has been no change in Blue Springs's "quality" or "status."

■ The Stevenses claim to have changed their theory, but that does not matter. "The doctrine of *res judicata* renders conclusive a judgment in a subsequent action between the same parties *as to all issues which might have been litigated*" in the first action. *Vogt v. Emmons,* 158 S.W.3d 243, 247 (Mo.App. E.D.2005) (emphasis added). So long as the underlying facts are the same, *res judicata* bars re-litigation of the matter "whether upon the same or different cause of action, claim, demand, ground or theory." *Stadium Bank v. Milton,* 589 S.W.2d 338, 342 (Mo.App. W.D.1979); *see also Kesterson v. State Farm Fire & Cas. Co.,* 242 S.W.3d 712, 716–17 (Mo. banc 2008); *Chesterfield Vill., Inc. v. City of Chesterfield,* 64 S.W.3d 315, 318 (Mo. banc 2002).

■ Here, the Stevenses argued to the circuit court that their theory has changed somewhat. Before, they alleged that Blue Springs negligently approved the plans, whereas now they allege that Blue Springs negligently failed to notice that the developer had not followed the plans correctly. That is an issue that could have been brought in the first action, and thus *res judicata* bars re-litigation of the issue. *Vogt,* 158 S.W.3d at 247. The facts of the case are the same: only the Stevenses' characterization of them has changed, and they are not entitled to re-characterize their theory or ground for relief once a final judgment on the merits has been entered on the first claim. *Stadium Bank,* 589 S.W.2d at 342.

The only remaining issue is whether a final judgment on the merits was entered in the first matter. It was. Summary judgment is *always* a judgment on the merits. *St. Louis Univ. v. Hesselberg Drug Co.*, 35 S.W.3d 451, 455 (Mo. App. E.D.2000) ("[C]ourts have held that a summary judgment is a determination on the merits for collateral estoppel purposes."); *Williams v. Rape*, 990 S.W.2d 55, 56 (Mo.App. W.D.1999) ("Since summary judgment is a determination on the merits, *res judicata* principles do apply to bar [the plaintiffs'] claims."); *Meyer v. Enoch*, 807 S.W.2d 156, 159 (Mo.App. E.D.1991) (holding that a summary judgment is a determination on the merits for *res judicata* and collateral estoppel purposes); Restatement (Second) of Judgments, § 19 (1982) (comment g). And, "[f]or the purposes of *res judicata*, 'on the merits' means the opposite of 'without prejudice.'" *See Bugg v. Rutter*, 330 S.W.3d 148 (Mo.App. W.D. 2010) (applying federal law).

Therefore, a summary *judgment* is not a "dismissal" as contemplated by Rule 67.03, which applies to dismissals that the circuit court may grant without prejudice to refiling. As opposed to the dismissals contemplated by Rule 67.03, summary judgments always dispose of the merits of the case. *Hesselberg Drug*, 35 S.W.3d at 455; *Williams*, 990 S.W.2d at 56; *Meyer*, 807 S.W.2d at 159; Restatement (Second) of Judgments, § 19 (1982) (comment g). Thus, the Stevenses' contention that the first judgment was a "summary judgment of dismissal without prejudice" is meritless: there is simply no such thing.

The Stevenses also argued below that the summary judgment never became final. We disagree. When the circuit court grants one defendant summary judgment, and the plaintiff thereafter dismisses the other parties without prejudice, the judgment becomes final as to the first defendant once the others have been dismissed. *Bailey v. Innovative Mgmt. & Inv.*, 890 S.W.2d 648, 649 (Mo. banc 1994); *see Magee v. Blue Ridge Prof'l Bldg. Co.*, 821 S.W.2d 839, 842 (Mo. banc 1991) (so holding with respect to a dismissal for failure to state a claim); *Wilson v. Unistrut Serv. Co. of St. Louis*, 858 S.W.2d 729, 731 (Mo.App. W.D.1993) (same). That is what happened here: Blue Springs was granted summary judgment, and then the Stevenses dismissed the remaining defendants without prejudice. The summary judgment was not final and appealable when it was initially entered, *see* Rule 74.04(b), but, once all issues and parties had been disposed of, it became final and appealable. *See Bailey*, 890 S.W.2d at 649.

Thus, the summary judgment was a final judgment on the merits, and all of the other elements of *res judicata* apply.

**Conclusion**

The Stevenses' claims against Blue Springs are barred by the doctrine of *res judicata*. The circuit court therefore lacked the discretion to deny Blue Springs's motion for judgment on the pleadings. The law in this case can only be decided in Blue Springs's favor, and therefore a writ of mandamus lies. Accordingly, we issue the writ of mandamus, make it absolute, and direct the Respondent to grant the motion for judgment on the pleadings.

THOMAS H. NEWTON and MARK D. PFEIFFER, Judges, concur.