EDWARD R. ARDINI, JR., JUDGE
Michael Jaeger ("Jaeger") filed a Petition for Damages alleging two counts of wrongful termination and one count of slander or defamation per se against his previous employer, Resources for Human Development, Inc. ("RHD").[1] RHD filed a Motion to Dismiss Jaeger's wrongful termination counts, which was granted by the Circuit Court of Jackson County. Jaeger voluntarily dismissed his slander/defamation per se count and appeals. We dismiss the appeal.
DISCUSSION
After Jaeger's notice of appeal was filed, this Court notified the parties of its concern that there was not a final, appealable judgment entered by the trial court, explaining "the order provided with the notice of appeal is not '[a] writing, signed by the judge and denominated "judgment" ....' Rule 74.01(a);[2 ] City of St. Louis v. Joseph Hughes , 950 S.W.2d 850 (Mo. banc 1997)." We requested that Jaeger "file a final 'judgment' and/or suggestions as to why this appeal should not be dismissed[.]"
In response, Jaeger filed suggestions arguing that the circuit court's order should be considered a final, appealable judgment, and the appeal was allowed to continue. However, the parties were instructed that the issue concerning whether the circuit court's order complied with Rule 74.01(a) "should be addressed in the parties' briefs on appeal." Jaeger failed to discuss the issue in his opening brief. By contrast, RHD argued at length that the order entered by the circuit court was not a final, appealable judgment and that the appeal should be dismissed for lack of jurisdiction. Jaeger countered in his reply brief that the appeal should not be dismissed based on Brooks v. Brooks , 98 S.W.3d 530, 532 (Mo. banc 2003), and our recent decision, Chastain v. Geary , 539 S.W.3d 841 (Mo. App. W.D. 2017).
Section 512.020,[3] provides, in pertinent part, that "[a]ny party to a suit *457 aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited ... may take his or her appeal to a court having appellate jurisdiction from any ... [f]inal judgment in the case ..." (emphases added). We find additional guidance in the Missouri Rules of Civil Procedure, "which [ ] have the force and effect of law." Mo. Const. art. V, § 5. Rule 74.01(a) provides that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." (emphasis added). This requirement "is not a mere formality" but is instead intended to "establish[ ] a 'bright line' test" to "assist the litigants and the appellate courts by clearly distinguishing when orders and rulings of the [circuit] court are intended to be final and appealable and when the [circuit] court seeks to retain jurisdiction over the issue." Hughes , 950 S.W.2d at 853.[4] Section 512.020 and Rule 74.01(a) have been construed strictly so that even "an order dismissing a lawsuit with prejudice ... [and] signed by the judge[ ] is not final and appealable unless it is denominated as a 'judgment' or 'decree.' " Chastain , 539 S.W.3d at 845 (citing Manzer v. Sanchez , 967 S.W.2d 268, 269 (Mo. App. E.D. 1998) ). That there exists no writing denominated a judgment or decree in this case is dispositive to our review.
Jaeger nevertheless argues "that Brooks and Chastain stand for the proposition that simply because there is not a document demarcated a 'judgment' or 'decree' should not prohibit appellate review when[ ] the [circuit] court intended its order to 'finalize the judgment for the purposes of appeal.' [ Brooks , 98 S.W.3d] at 532." Brooks and Chastain do not stand for such a proposition and both cases are clearly distinguishable from the present case. While the initial rulings in Brooks and Chastain failed to comply with Rule 74.01(a), the circuit court in both cases subsequently entered a nunc pro tunc order for the purpose of denominating the previously issued order as a judgment. Id. at 532 ; see also Chastain , 539 S.W.3d at 846. Although the use of the nunc pro tunc process was found to be improper under the circumstances,[5] the appeals in each case were allowed to proceed because the actions by each trial court manifested a clear attempt to finalize the judgment in compliance with Rule 74.01(a) for purposes of appeal. Brooks , 98 S.W.3d at 532 (citation omitted).
There is no such manifestation by the circuit court in this case. The ruling before us is clearly denominated an "order" and, unlike in Brooks and Chastain , the record is bereft of any subsequent action by the circuit court to comply with Rule 74.01(a).
*458 In the absence of a final, appealable judgment, this Court lacks jurisdiction.
CONCLUSION
Because there is no final judgment, the appeal is dismissed.
All concur.

Regan Cochran, Monica Pfarnes, and Stacy Schenck were also named as defendants and were Jaeger's supervisors and employees of RHD.

All rule citations are to the current Rules of Missouri Procedure unless otherwise specified.

All statutory citations are to the Revised Statutes of Missouri 2016 as supplemented.

Jaeger's reliance on Magee v. Blue Ridge Prof's Bldg. Co. , 821 S.W.2d 839 (Mo. banc 1991), is incorrect. Although Magee states "that a judgment is final if it disposes of all parties and issues[,]" Rule 74.01(a) at that time simply read that a " '[j]udgment' ... includes a decree and any order from which an appeal lies." Rule 74.01 (1988). The rule was later amended to require "[a] writing signed by the judge and denominated 'judgment[,]' " Rule 74.01 (1995) (emphasis added), resulting in the Missouri Supreme Court's Hughes opinion discussed supra.
Jaeger also relies on State ex rel. City of Blue Springs v. Schieber , 343 S.W.3d 686 (Mo. App. W.D. 2011), to argue that the practical effect of the dismissal order is a "final judgment." Although Schieber discusses whether there was a final judgment on the merits with respect to a defendant for whom summary judgment had been granted, it does not discuss Rule 74.01's requirement that a writing be denominated "judgment" and is not otherwise relevant to our analysis.

A nunc pro tunc amendment "is only available to correct clerical errors, not judicial errors." See Brooks , 98 S.W.3d at 532 (citation omitted).