

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| GREGORY STIENS, ) | |
| ) | |
| **Appellant,** ) | |
| **v.** ) | **WD84773** |
| ) | |
| ) | **OPINION FILED:** |
| **MISSOURI DEPARTMENT OF** ) | **September 13, 2022** |
| **AGRICULTURE,** ) | |
| ) | |
| **Respondent.** ) | |

**Appeal from the Circuit Court of Nodaway County, Missouri
The Honorable Joel A. Miller, Judge**

**Before Division Two:** Thomas N. Chapman, Presiding Judge, and
Mark D. Pfeiffer and Edward R. Ardini, Jr., Judges

Mr. Gregory Stiens ("Stiens") appeals from an order entered by the Circuit Court of Nodaway County, Missouri ("circuit court"), denying his motion for default judgment. Because this ruling does not constitute a final judgment, we dismiss the appeal and return the matter to the circuit court for further proceedings consistent with this opinion.

### Factual and Procedural History[1]

The Missouri Department of Agriculture ("MDA") is a state agency that derives its authority from chapter 261 of the Missouri statutes. Section 261.040 grants authority to the MDA

---

[1] We incorporate portions of the factual and procedural background from our opinion in *Stiens v. Missouri Department of Agriculture*, 587 S.W.3d 666 (Mo. App. W.D. 2019), without further attribution.

director "to discharge any employee of the state department of agriculture." Stiens was employed by the MDA for seventeen years before he was issued an official letter of termination by MDA's human resources ("HR") director on March 8, 2017.

Stiens filed a *pro se* complaint with the Administrative Hearing Commission ("AHC") challenging the HR director's authority to terminate him. The MDA and Stiens each filed a motion for summary decision. The AHC granted the MDA's motion for summary decision and denied Stiens's motion. On May 15, 2018, Stiens filed a *pro se* petition for judicial review of the AHC's decision in the circuit court, which was assigned case number 18ND-CC00096. On October 9, 2018, the circuit court entered its judgment denying relief, sustaining Stiens's dismissal under the AHC's ruling.

Stiens appealed, and this Court affirmed the circuit court's judgment affirming the AHC's summary decision in favor of the MDA that the undisputed facts demonstrated that Stiens was subject to termination. However, we also concluded:

> **We agree with Mr. Stiens that on March 8, 2017, the [MDA] Director had not delegated authority to the HR director to discharge Mr. Stiens**. On April 2, 2017, Mr. Stiens raised the argument that the authority to terminate him had not been delegated to the HR director. **On April 5, 2017**, the MDA director made an express formal delegation of appointing authority to the current HR director to discharge any employee. The MDA argues that the HR director had implied delegation under section 261.040, however, pertinent language of the delegation reads:
>
>> Pursuant to the powers vested in me by Chapter 261, RSMo. and specifically Section 261.040.1, RSMo. as an appointing authority for the Missouri Department of Agriculture (the "Department"), I *hereby establish* the below listed individuals as delegated appointing authorities of the Department with the authority to hire and discharge any employee of the Department.
>> Garret Hawkins, Deputy Director
>> Jennifer Hentges, Human Resource Director
>> (emphasis added)

2

We find, based upon review of the whole record, that **the delegation instrument represents an admission that the authority had** *never before been delegated*. Further, the delegation was made specifically to individuals and not generally to the positions of "deputy director" or "HR director." **We, therefore, find the AHC decision unauthorized by section 261.040, to the extent that the AHC has concluded that the termination by the HR director on March 8, 2017, was authorized by statute**.

We also find that there is no reasonable basis for an implication to delegate termination authority.

> . . . .

Still, **when the MDA director responded to Mr. Stiens's administrative appeal in opposition**, taking the position that Mr. Stiens was to be terminated, *__this act__* **by the MDA director constituted an authorized termination under section 261.040**. It is undisputed that the MDA director possessed the statutory authority to terminate Mr. Stiens's employment and, at the very latest, **on the date that the MDA director responded to and opposed Mr. Stiens's administrative appeal of the termination, Mr. Stiens had full knowledge of the MDA's position that he was terminated**. Since *__these facts__* were not established on the record before us, we must . . . **remand for the AHC to determine the effective and authorized date of termination**. **Based on this factual determination, Mr. Stiens may be entitled to a determination of** *back pay owed from March 8, 2017, up to and including the effective authorized date of termination*.

*Stiens v. Mo. Dep't of Agric.*, 587 S.W.3d 666, 673-74 (Mo. App. W.D. 2019) ("*Stiens I*")

(emphasis added). We reversed the circuit court's judgment and remanded the matter:

> for further proceedings consistent with our ruling today, so that the AHC may develop a record as to the effective and authorized date of termination, a date that could not have occurred later than the date on which the MDA director opposed Mr. Stiens's administrative appellate challenge to the termination from employment. We reverse and remand for further proceedings consistent with this opinion.

*Id.* at 674.

Stated another way, in *Stiens I*, we concluded that the purported attempt by MDA's HR director to terminate Stiens on March 8, 2017 was *not* a lawful termination pursuant to section 261.040; but, after the formal delegation of appointing authority by the MDA director on April 5, 2017, the HR director was, at that time, vested with appointing authority to lawfully

3

terminate Stiens on behalf of MDA. Thus, we remanded for the express and specific purpose for the AHC to develop the factual record as to what, if any, termination communications occurred *after* March 8, 2017, (i.e. the ineffective termination attempt) if said termination communication was by the MDA director; *on or after* April 5, 2017 (i.e. the date when the MDA director delegated appointing authority to the HR director) if said termination communication was by the HR director; and, if no such termination communications occurred by either the MDA director *after* March 8, 2017, or by the HR director *on or after* April 5, 2017, to then determine the date upon which the MDA director first communicated opposition to Stiens's administrative appeal (i.e. a date that would constitute an authorized termination under section 261.040).

On remand, the AHC conducted an evidentiary hearing on September 18, 2020, and determined that the first date upon which the MDA director opposed Stiens's administrative appeal of his termination was April 19, 2017, when the AHC held a pre-hearing conference on Stiens's original administrative appeal and at which time Stiens was made aware that his complaint would be challenged by the MDA director. There was no evidence presented suggesting any other attempted termination communication to Stiens by either the MDA director at any time *after* March 8, 2017 (i.e. the date upon which *Stiens I* concluded was a legally ineffective termination attempt), or the HR director *on or after* April 5, 2017 (i.e. the date upon which the MDA director delegated appointing authority to the HR director), such that the first authorized termination communication occurred on April 19, 2017, when the MDA director first lodged opposition to Stiens's administrative appeal. Notwithstanding our express mandate in *Stiens I* that March 8, 2017 was *not* an authorized termination notice, any lawful termination notice could only have occurred *after* March 8, 2017, and no delegation by the MDA director to the HR director occurred

4

prior to April 5, 2017,[2] the AHC proceeded to take evidence in violation of our mandate and specific remand instructions[3] and again concluded in its January 11, 2021 decision that Stiens's termination on March 8, 2017, was the authorized and effective date of termination.

Thereafter, on February 2, 2021, Stiens filed a petition for judicial review of the AHC's January 11, 2021 decision in the existing circuit court case number 18ND-CC00096 arguing, *inter alia*, that the AHC's decision had improperly exceeded the scope of this Court's remand instructions in *Stiens I*.[4] The MDA did not file a responsive pleading.[5] On March 16, 2021, Stiens filed a motion for default judgment, and the MDA filed suggestions in opposition. On June 18, 2021, the circuit court heard arguments at a hearing on Stiens's motion for default judgment on his petition for judicial review of the AHC's January 11, 2021 decision and took the matter under advisement. On August 20, 2021, the circuit court entered its order denying Stiens's motion for default judgment on two grounds: first, the circuit court concluded it had no authority to consider Stiens's petition for judicial review; and second, even if the circuit court had authority to act upon

---

[2] "'The doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal.'" *Echols v. State*, 635 S.W.3d 232, 236 (Mo. App. W.D. 2021) (quoting *Walton v. City of Berkeley*, 223 S.W.3d 126, 128-29 (Mo. banc 2007)).

[3] In contradiction to our final mandate and express remand instructions, the AHC accepted evidence of other alleged delegations of appointing authority *prior* to April 5, 2017 (purported delegations for which no corresponding documentary evidence was produced).

[4] Section 536.110.1 provides that "[p]roceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision." The MDA argues that the AHC's Decision on Remand was new and that Stiens should have initiated a new civil action rather than filing a second petition for review in the existing circuit court number 18ND-CC00096. We disagree. Our mandate directed that "the judgment is reversed and remanded for further proceedings consistent with this opinion." Upon remand, the AHC entered an order pursuant to this remand. The AHC's action on remand was a continuation of the same matter involving the same parties and the same disputed issues. Thus, Stiens's petition for review was properly filed under circuit court number 18ND-CC00096.

[5] Rule 55.25 provides that a "defendant shall file an answer within thirty days after the service of the summons and petition." However, under Rule 100.01: "The provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review." Sections 536.100 through 536.150 do not require the filing of a responsive pleading. Chapter 261 governing the Department of Agriculture does not contain a different provision for such review. *See also Dudley v. Dir. of Revenue*, 926 S.W.2d 943, 944 (Mo. App. W.D. 1996) ("Chapter 536 does not require the filing of responsive pleadings.").

5

Stiens's motion, the MDA "would not be in default because Rule 55.25, requiring the filing of an answer, does not apply to review of administrative actions taken under chapter 536, RSMo."

Stiens filed his notice of appeal of the circuit court's order on September 1, 2021.

**Analysis**

Stiens raises three points on appeal, asserting in each that the AHC erred in finding that the effective date for his termination was March 8, 2017, because: such a finding violates the law of the case doctrine (Point I); the statutory authority to terminate employees is limited to the director of the MDA (Point II); and the decision was not supported by competent and substantial evidence (Point III).

Before we can reach the merits of the issues Stiens raises in this appeal, we have a duty to determine, *sua sponte*, whether we have jurisdiction. *Stagner v. Wells Fargo Bank, N.A. as Tr. for Aegis Asset Backed Sec. Tr. Mortg. Pass-Through Certificates, Series 2004-1*, 632 S.W.3d 443, 448-49 (Mo. App. W.D. 2021) (citing *Wilson v. City of St. Louis*, 600 S.W.3d 763, 765 (Mo. banc 2020)). "'For this Court to have jurisdiction, the judgment entered by the circuit court and appealed by the parties must have been a "final judgment" as that phrase is used in section 512.020(5).'" *Id.* at 449 (quoting *Wilson*, 600 S.W.3d at 765). Section 512.020(5), provides, in pertinent part, that "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited . . . may take his or her appeal to a court having appellate jurisdiction from any . . . [f]inal judgment in the case[.]"[6] "If a judgment resolves all claims by and against all parties, or it resolves the last such claim and some (but not all) claims have been resolved previously, it is commonly referred to as a 'final judgment.'" *Wilson*, 600 S.W.3d at 768.

---

[6] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

We find additional guidance in the Missouri Rules of Civil Procedure, "which . . . have the force and effect of law." MO. CONST. art. V, § 5. Rule 74.01(a) provides that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed."[7] "'The requirement that a trial court must "denominate" its final ruling as a "judgment" is not a mere formality.'" *Cone v. Kolesiak*, 571 S.W.3d 644, 650-51 (Mo. App. W.D. 2019) (quoting *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997)). "Instead, '[i]t establishes a "bright line" test as to when a writing is a judgment.'" *Id.* (quoting *Hughes*, 950 S.W.2d at 853). "'The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue.'" *Id.* (quoting *Hughes*, 950 S.W.2d at 853). If there is no final, appealable judgment, we must dismiss the appeal for lack of appellate jurisdiction. *Jaeger v. Res. for Hum. Dev., Inc.*, 561 S.W.3d 455, 458 (Mo. App. W.D. 2018).

Here, the ruling from which Stiens appeals is nothing more than an "order" ruling upon and denying his Motion for Default Judgment. It is not a final judgment disposing of all pending issues between Stiens and MDA before the circuit court. "In the absence of a final, appealable judgment, this Court lacks jurisdiction." *Id.* Therefore, we must dismiss Stiens's appeal.

However, because the issue of the circuit court's mistaken understanding of its authority to act will undoubtedly arise again upon today's dismissal ruling, we briefly address the issue.

"A mandate of an appellate court serves the purpose of communicating its judgment to a lower court." *Mo. Dep't of Transp. v. Lab. & Indus. Rels. Comm'n*, 600 S.W.3d 1, 5 (Mo. App. W.D. 2020) (internal quotation marks omitted). "The opinion is part of the mandate and must be used in interpreting the mandate." *Id.* (internal quotation marks omitted). "Thus, we look to the

---

[7] All rule references are to I MISSOURI COURT RULES – STATE 2022.

opinion and any directions contained therein in interpreting and applying the mandate." *Id.* (internal quotation marks omitted).

Here, this Court's mandate in *Stiens I* stated that "the judgment is reversed and remanded for further proceedings consistent with this opinion." And, as explained earlier, the remand instructions were expressly directed at events that occurred *after* March 8, 2017 and *no later than* the date upon which the MDA director communicated opposition to Stiens's administrative appeal. "'There are two types of remands: (1) a general remand, which does not provide specific direction and leaves all issues open to consideration in the new trial; and (2) a remand with directions, which requires the trial court to enter a judgment in conformity with the mandate.'" *Mo. Dep't of Transp.*, 600 S.W.3d at 5 n.6 (quoting *Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 633 (Mo. banc 2013)). "Proceedings that are contrary to the directions of the mandate are unauthorized and unenforceable." *Id.* (internal quotation marks omitted).[8]

The circuit court's order denying Stiens's motion for default judgment did not dismiss Stiens's petition for judicial review of the AHC's January 11, 2021 decision. Stiens's petition for judicial review of the AHC's administrative decision is still pending before the circuit court. This Court's mandate and opinion in *Stiens I* did not eliminate Chapter 536 review by the circuit court. Rather, we reversed and remanded with directions for further proceedings consistent with our ruling, effectively reinvesting the AHC *and the circuit court* with authority for the AHC to develop a record as to the effective and authorized date of Stiens's termination, a date that would have had to have occurred *after* March 8, 2017; for the circuit court to review whether the AHC complied

---

[8] Again, our remand was directed at what, if any, attempted termination communications occurred after March 8, 2017 (the ineffective attempted date of termination) and the date upon which the MDA director announced that it was opposing Stiens's administrative appeal (an authorized termination notice). And, we made clear in *Stiens I* that if no other authorized termination communications occurred after March 8, 2017, the latest date upon which Stiens would have received authorized notice of his termination was the date in which his administrative appeal was opposed by the MDA director. Here, it is clear from the subsequently developed record below that this date was April 19, 2017; thus, it appears that Stiens may be entitled to back pay from March 8, 2017 through April 19, 2017.

8

with this Court's mandate and remand instructions consistent with our ruling in *Stiens I*; and for the circuit court to enter a final, appealable judgment. Stated another way, our remand restored the agency's and circuit court's full jurisdiction of the case for any proceedings necessary to determine the unresolved issues. *See Horridge v. Horridge*, 618 S.W.2d 202, 206 (Mo. App. W.D. 1981).

Hence, to be clear, upon today's dismissal of Stiens's appeal, we return this matter to the circuit court and direct the circuit court to perform its Chapter 536 review of the AHC's administrative decision of January 11, 2021 and to enter a final, appealable judgment as to its Chapter 536 review of the AHC's January 2021 decision.

## Conclusion

We dismiss the appeal for the lack of a final, appealable judgment and return this matter to the circuit court for further proceedings consistent with today's ruling.

/s/*Mark D. Pfeiffer*

Mark D. Pfeiffer, Judge

Thomas N. Chapman, Presiding Judge, and Edward R. Ardini, Jr., Judge, concur.